### TREBON v. ZURAFF ET AL.

1. **Practice in the Supreme Court:** REPEAL OF STATUTE: TRIAL DE NOVO. The repeal of section 2742 of the Code, respecting trials *de novo*, pending the appeal of a case, does not entitle the appellant to a trial *de novo* if the case were tried below upon oral testimony.

2. ———: PRESUMPTION. Every presumption will be indulged in favor of the correctness of the rulings upon the trial, and a judgment will not be reversed for error in such rulings, if for any reason they can be sustained.

3. ———: PARTIES. Any objection based upon a failure to include a necessary party, first made on appeal, does not constitute good ground for a reversal of the judgment.

*Appeal from Buchanan Circuit Court.*

WEDNESDAY, DECEMBER 11.

ACTION in chancery. There was a decree granting the relief prayed for in plaintiff's petition. Defendants appeal.

*Boies & Couch*, for appellants.

*E. E. Hasner*, for appellee.

BECK, J.—I. The action is brought to set aside certain deeds executed by Michael Burk, conveying all his real and personal property to defendants Jennie Zuraff and her husband, in consideration of the support of himself and wife during their natural lives. The wife of the grantor joined in the conveyances. Plaintiff and defendant Jennie are their daughters. The petition charges that the deeds are void for the reason that the grantor, Michael Burk, was, on account of the want of memory and mind, not competent to make contracts, and undue influence was exerted over him by the defendants to induce him to execute the conveyances. The allegations of the petition were put in issue by the answer.

II. The case was tried upon oral testimony. It was not

reduced to writing upon the order of the court, as required by

1. PRACTICE in the supreme court: repeal of statute: trial de novo.

Code, § 2742, to entitle the parties to a trial *de novo* here. The trial was before, and the appeal taken after, chapter 145, Acts Seventeenth General Assembly, took effect, which repeals the section just named. Defendants' counsel insist that, under this repealing act, the cause is triable *de novo* in this court; but this very point we have decided adversely to counsel's position at the present term. See *Simondson v. Simondson, ante,* 110. There is no reason for disturbing this decision; we must follow it.

III. Counsel assign several errors upon the record which we will proceed to notice, following the order of their discussion in the brief before us.

One witness, the widow of deceased, was asked if "he ever, before he signed the paper, expressed a desire to give the

2. ———: presumption.

property to plaintiff;" and then was asked if she heard deceased "at any time say anything about giving his property to plaintiff." Objections to both questions were sustained, and the ruling of the court below is now made the grounds of objection to the judgment.

The abstract fails to show the grounds of objection in the court below, or the evidence defendants proposed to elicit by them. As we must exercise every presumption in favor of the court's rulings, we cannot reverse the judgment for the rulings upon these objections, if, for any reason, they could have been properly sustained. The questions are, by their language, not limited to a time when the deceased was not, or was not claimed to be, mentally incapable of making the deeds. They are, in fact, so broad that they cover the time when he was shown to be not of sound mind. One witness, his widow, had testified, just before the question was propounded to her, that deceased was sometimes out of his mind.

The questions, if limited to a time when deceased was not, or was charged not to be, of weak mind, would doubtless have been correct, and we will presume would have been so held by

Trebon v. Zuraff.

the court below; but, in the broad language in which they are presented in the abstract, they cannot be regarded as proper under all aspects in which the case appeared to the court below.

IV. The widow of deceased was not made a party to the action. It is now insisted that this is a ground for reversal. It may be conceded that she was a proper

3. ——: parties.

party, and for the purpose of this case, without so deciding, that she was a necessary party. But no objection based upon this ground was made in any form in the court below. The record does not show that the point was suggested. The case being tried here upon errors, we can consider no objections not made in the court below; we can only pass upon questions decided in that court. As the question now before us was not raised in the circuit court, we cannot decide it.

It is no answer to this position to say that full relief cannot be granted to the parties unless the widow be joined in the action. If that be so, and they suffer thereby, they pay the penalty of their own negligence in the prosecution of the case. They alone will suffer; those not parties are not affected by the decree in the case. We cannot modify or disregard well-established rules to protect those who have neglected opportunities to protect themselves. No other questions arise in the case.

AFFIRMED.