## HUEBNER v. THE FARMERS' INS. CO.

1. **Judgment:** ON PREMATURE DEFAULT: SET ASIDE. In the absence of a rule of the court to the contrary, a default taken before noon of the second day of the term is premature, (Code, § 2635,) and should be set aside on motion made before that time.

2. ——: ——: ——: AFFIDAVIT OF MERITS. A verified answer, filed with a motion to set aside a default, and which the defendant asks to be considered as an affidavit of merits, may properly be so considered by the court.

3. **Practice on Appeal:** JUDICIAL NOTICE OF RULES OF DISTRICT COURT. While this court is required to take judicial notice of the rules of the district court, yet, where the non-existence of a rule as to appearance day is implied in a motion to set aside a default as being premature, and opposing counsel do not in any way, in this court, call attention to any such rule, it will be assumed that none existed.

*Appeal from Sac District Court.*

FRIDAY, MARCH 4.

THIS is an action upon a policy of insurance against loss by fire. A default and judgment were entered against the

defendant on the first day of the term to which the suit was brought. On the second day of the term, the defendant appeared, and moved the court to set aside the default and judgment. The motion was sustained. Plaintiff appeals.

*Goldsmith & Hart*, for appellant.

*Ed. R. Duffie* and *Frank Hormel*, for appellee.

ROTHROCK, J.——One ground of the motion to set aside the default was that the same was entered on the first day of the term, and that there was no authority in law for entering a default on that day. In the absence of a rule of court designating a different time for pleading, the defendant is not required to appear and answer or demur to a petition before noon of the second day of the term. Code, § 2635. The record in the case does not show that there was any rule of the court on the subject. It is true, this court is required to take judicial notice of any such rule; but, as the question that the default was premature is distinctly made in the motion and the argument of appellee, and as counsel for appellant do not even in argument call our attention to any rule of court on the subject, we will assume that there is none, and that the court set aside the default because it was prematurely entered. And it does not appear at what time on the second day of the term the defendant appeared and moved to set aside the default. If it was before noon, it is apparent that the motion was properly sustained. The record shows that defendant, when it made the motion, tendered a verified answer, which, if true, is a complete defense to the action, and asked that the answer might be accepted and taken by the court as an affidavit of merits. Counsel for appellant contends that an affidavit of merits should have been actually filed in order to authorize an order setting aside the default. We think the answer was proper to be considered by the court as an affidavit of merits, and we will pre-

sume, as it was tendered with the motion, that it was examined by the court.

There were other reasons presented in the motion to set aside the default, which are discussed by counsel; but, as we think the ruling of the court should be sustained upon the ground above considered, it is unnecessary to further elaborate the case.               · AFFIRMED.