## KIRBY v. GATES & BOWMAN.

1. **Affidavit:** AFFIANT'S NAME IN JURAT. An affidavit stated, "I, Frank Pierce, do on oath say," etc., and was signed "Frank Pierce." The jurat was as follows: "Subscribed and sworn to by ——, before me," etc. "J. Compton, Notary Public." *Held* sufficient to show that the affidavit was sworn to by Frank Pierce.

2. **Practice and Procedure:** STRIKING OUT ORDER GRANTING LEAVE TO ANSWER: EFFECT. A default and judgment thereon were set aside on motion, and leave was given defendant to answer. After defendant had answered, the court, on plaintiff's motion, set aside the former order, so far as it set aside the default and gave defendant leave to answer. *Held* that the effect of the last ruling was to lay the answer out of the case, and with it all issues raised thereby.

3. ——: SETTING ORDER ASIDE. A court may, for good reasons shown, set aside a previous order made at the same term.

*Appeal from Polk Circuit Court.*

MONDAY, MARCH 7.

ACTION for damages alleged to have been sustained by reason of the conversion of certain personal property. There was a judgment for the plaintiff. The defendants appeal.

*Cole, McVey & Clark*, for appellants.

*Goode & Phillips*, for appellee.

ADAMS, CH. J.—Judgment was rendered against the defendants by default. Afterwards they appeared, and filed a motion to set aside the judgment and the default, and for leave to answer; which motion the court sustained. Afterwards the plaintiff filed a motion to cancel the order setting aside the default and judgment. This motion the court sustained in part. It allowed the order setting aside the judgment to stand; but the order setting aside the default, and granting leave to answer, it canceled. The plaintiff was then directed to call his witnesses and prove his claim, and

the defendants were allowed to cross-examine, and the trial thus had resulted in the rendition of a judgment for the same amount as before. The defendants claim to be aggrieved by the reinstatement of the default, which resulted in a trial upon the plaintiff's evidence alone.

In the first place, it is claimed that there was no proper evidence that the defendants were served with the original notice. The notice purports to have been served by one Pierce, who was not an officer. The return is in due form, and underneath the same is an affidavit in the following words:

1. AFFIDAVIT: affiant's name in jurat.

" I, Frank Pierce, do on oath say that I served the annexed notice on the defendants, Gates & Bowman, C. H. Gates and A. C. Bowman, therein named, at the time and place and in the manner mentioned in my return thereof.

[ Signed ] " FRANK PIERCE.

" Subscribed and sworn to by ———, before me, this fourteenth day of November, A. D. 1885.

" J. COMPTON, Notary Public in and for Polk County, Iowa."

The proof of service is said to be deficient in that the jurat does not contain the name of the affiant; but the jurat shows that what was written for an affidavit was subscribed and sworn to by some one, although the name is not given. It purports, however, to have been subscribed by Frank Pierce, and no one else. If Frank Pierce's name had been written by some one without authority, the words written for an affidavit could not in any proper sense be said to be subscribed. We think, then, it is expressly shown that they were subscribed by Frank Pierce, and the fair inference is that they were sworn to by the same person. In the absence of a statute expressly requiring the jurat to contain the name of the affiant, we think that we must hold the jurat in question sufficient.

It is next urged that the answer which had been filed was

not stricken from the files; that there was therefore an issue, and the defendants had a right to introduce evidence, and submit the case to a jury; but the entry made by the court shows that it sustained the plaintiff's "motion, so far as the former order sets aside the default and gives the defendant leave to answer." The leave then to answer was withdrawn, and that, we think, was equivalent, under the circumstance, to striking the answer from the files. It is insisted that the court had no jurisdiction to set aside the order by which the default had been set aside. But a court may, for good reason shown, set aside at the same term a previous order. We see no error.

*2. PRACTICE and procedure: striking out order granting leave to answer: effect.*

*3. ——: setting order aside.*

AFFIRMED.