JOHN E. DOLAN, Appellant, v. BURLINGTON, CEDAR RAPIDS AND NORTHERN RAILWAY COMPANY, Appellee.

**Appeal:** DIRECTION OF VERDICT: REVIEW. Where a motion to direct a verdict is based upon several grounds and is sustained generally, the ruling will not be disturbed if the record is sufficient to sustain either of the grounds assigned.

**Limitation of actions:**  Where there was nothing in the record to disclose the service of an original notice, which would interrupt the ·statute of limitations, and the only appearance of defendant was the voluntary filing of an answer after the action was barred, the date of the answer will be regarded as the time of commencement of the action, although the petition was filed prior to the running of the statute.

*Appeal from Osceola District. Court.*—HON. WM. HUTCHINSON, Judge.

MONDAY, FEBRUARY 12, 1906.

ACTION to recover damages for personal injury.   There was an instructed verdict, and judgment for defendant, and plaintiff appeals.— *Affirmed.*

*Shull & Farnsworth* and *F. E. Gill,* for appellant.

*Carroll Wright, John I. Dille,* and *R. M. Hunter,* for appellee.

PER CURIAM.— The defendant's answer consisted of a denial of the allegations of the petition and a plea of the statute of limitations; and the motion to direct a verdict in defendant's favor was based upon the following grounds: (1) That no negligence had been shown on part of defendant, and it was affirmatively shown that plaintiff was guilty of negligence contributing to his own injury; and (2) that more than two years had elapsed after the alleged injury and before this action was begun.   As the motion was sustained generally, we cannot disturb the ruling, if the record is sufficient to sustain the ruling on either of the assigned grounds.

The accident is alleged to have occurred April 19, 1902, and it is therefore manifest that, to avoid the plea of the statute, action must have been begun within two years after that date.   The abstract shows the petition to have been filed March 10, 1904, which was in due time, if

proper notice was served within the period. But the record nowhere shows whether an original notice was ever served or any return of service ever made. The answer of defendant was filed September 6, 1904, several months after the expiration of two years from the date of the injury, and, so far as the record before us discloses, this was its first appearance in the case, and it is not shown to have been otherwise than voluntary. It is the opinion of the majority of the court that, in the absence of anything in the record presented to us concerning the issuance or service of an original notice by which the running of the statute would be interrupted, and there being nothing to indicate any appearance by defendant prior to September 6, 1904, we must regard that date as the time of the commencement of the action, and that the ruling of the court in directing a verdict for the defendant is therefore correct.

Such being the case, it is unnecessary to consider other matters discussed in argument.— *Affirmed.*