J. V. HEARN, Appellee, v. CITY OF WATERLOO, Appellant.

LIMITATION OF ACTIONS:  Waiver of Plea.  One may not com-
plain that his plea of the statute of limitations was ignored by
the court when he himself ignored said plea throughout the
trial, and until the filing of his motion for new trial.  Espe-
cially is this true when, on a hearing with reference to the lost

return of service, it appears that the notice was filed with the sheriff in proper time.

**MUNICIPAL CORPORATIONS: Notice of Defect in Highway.** The existence for two weeks of an obvious defect in a public street carries constructive notice thereof to the municipality.

**NEGLIGENCE: Falling into Hole Near Sidewalk.** Evidence reviewed, and held insufficient to show contributory negligence *per se* in stepping into a hole near the edge of a sidewalk.

**EVIDENCE: Improper Basis for Opinion.** Expert evidence, descriptive of the nature and extent of personal injuries, may not be wholly stricken on the ground that it appeared, on cross-examination, that, subsequent to the personal examination by the witness, he viewed an X-ray photograph made by *another* party, and testified that such photograph confirmed his former diagnosis.

*Appeal from Black Hawk District Court.*—C. W. MULLAN, Judge.

NOVEMBER 19, 1918.

REHEARING DENIED APRIL 10, 1919.

ACTION for damages for personal injuries sustained upon the streets of the defendant. There was a verdict for the plaintiff, and judgment thereon. Defendant appeals.—*Affirmed.*

*Burr A. Brown* and *E. H. McCoy,* for appellant.

*C. J. Rudolph* and *Reed, Tuthill & Reed,* for appellee.

EVANS, J.—The accident in question occurred on the night of June 3, 1916, on one of the streets of the defendant city. The plaintiff was walking with others upon the sidewalk, and was on the outer edge thereof. By inadvertence, he stepped into a hole which extended to the very edge of the sidewalk. The hole was about 20 inches by 12 inches and about 2 feet deep. He sustained severe injuries as a result of his fall therein. There was evidence that the

hole had existed for a couple of weeks. Plaintiff was not aware of its existence. There was a street light near by, but the shadows of trees were cast over the hole, to a greater or less extent. The hole also contained some grass and rubbish, which tended to prevent its discovery in the dark.

I. The first question presented for our consideration by the appellant is that of the statute of limitations. Among other defenses, the defendant pleaded that the action was barred by the statute of limitations, because

1. LIMITATION OF ACTIONS: waiver of plea. it was not commenced within three months from the time of the happening of the injury. The injury occurred on the night of June 3, 1916. The petition was filed on September 7th. The original notice and the return thereon were not introduced in evidence by either party. It appears from the abstracts that practically no attention was given to the statute of limitations by either party, upon the trial of the case. The facts pertaining thereto came into the record later, upon a hearing of the defendant's motion for a new trial and the plaintiff's resistance thereto. The defendant appeared to the action and filed a demurrer, which was overruled. Thereupon, the defendant filed an answer, and later, an amended and substituted answer. In none of these pleadings was there any reference to the statute of limitations. A later amendment, filed on the eve of trial, pleaded the statute. The abstracts indicate that the subject was not again mentioned during the trial proceedings. The defendant filed a motion, at the close of the plaintiff's evidence, to direct a verdict. It filed a like motion at the close of all the evidence. The bar of the statute was not made a ground of either motion. It submitted requested instructions to the court, but the bar of the statute was not mentioned therein. The subject was not mentioned in the instructions given by the court on its own motion. The defendant presented detailed exceptions to such instructions,

which exceptions included no reference to the bar of the statute. After verdict, the defendant filed a motion for a new trial, wherein it emphasized greatly the bar of the statute of limitations. In resistance to this motion, the plaintiff made a showing that the original notice was placed in the hands of the sheriff on September 2, 1916, with instruction that it be immediately served; that it was actually served on September 5th; and that the original notice and the return of the sheriff thereon were filed on September 7th. It was further made to appear that this notice had become lost from the files, and plaintiff filed a counter motion for a substitution of the lost record, and produced an alleged carbon copy of the lost paper. Its contents and the return thereon were proved by the affidavit of the sheriff, and by that of the attorney. The motion for a new trial was thereupon overruled by the trial court. No specific ruling appears upon the plaintiff's counter motion for a substitution of the lost record.

The defendant's contention before us is that, inasmuch as it pleaded the statute of limitations, and inasmuch as it appeared upon the face of the pleadings and record that the action was barred, the burden was upon the plaintiff to prove that his action was begun by the placing of notice in the hands of the sheriff within three months from the time of the injury.

It has frequently been held that the plea of the statute of limitations is an affirmative defense, and that the burden of proof is upon the pleader. The defendant pleaded that the action was not commenced within three months. We see no reason, from this record, why it should not be required to prove that it was not so commenced. It does not, in fact, appear upon the face of the petition or upon the face of the record, as contended by the defendant, that the action was not commenced within three months. The argument for defendant is that, inasmuch as the original notice, with the

return of the sheriff thereon, is not before us, we must, therefore, presume that the action was not commenced until the date of the defendant's appearance thereto. Particular emphasis is laid upon the holding in the case of *Dolan v. Burlington, C. R. & N. R. Co.*, 129 Iowa 626. It is assumed that we there held that, in the absence of proof by the plaintiff that he served his notice in time to interrupt the running of the statute, the date of filing the answer will be regarded as the time of commencement of the action. The defendant quite misconceives the scope of that opinion. In that case, the trial court had directed a verdict on the ground of the bar of the statute. We affirmed his order, on the ground that the appellant disclosed nothing in the record that would show error in the ruling. The burden was on the appellant in this court to show error. We did not hold that the mere pleading of the statute of limitations cast the burden of proof upon the plaintiff. Code Section 3520 prescribes the duties of the sheriff in the noting of the date of receipt of the notice, and in the making of his return and the filing thereof with the clerk. Code Section 3524 provides that the court shall take judicial notice of the return, when signed by the sheriff. In this case, it does appear that the notice was returned and filed by the sheriff. There was a time, therefore, when the court could have taken judicial notice thereof. If lost prior to the hearing on the motion for a new trial, we know of no reason why the court might not then inquire into its contents as a lost instrument. All that is material for our consideration now is to say that the appellant does not affirmatively show that the trial court erred in ignoring or withdrawing from the jury the plea of the statute of limitations. Indeed, the showing of the contents of the lost instrument and the return thereon is so conclusive that the notice was placed in the hands of the sheriff on September 2d that there is no room for doubt thereon. In the absence of proof to the contrary, we must

assume that the trial court took judicial notice of the sheriff's return, and ascertained therefrom that the notice came into his hands before the expiration of the three months from the time of the injury.

II. One of the grounds of the motion for a directed verdict was that the city had had no notice of the defective condition of the street. There was evidence to the effect that the hole had existed for the period of two weeks. This was sufficient evidence of constructive notice to go to the jury.

**2. MUNICIPAL CORPORATIONS: notice of defect in highway.**

III. Another ground of the motion was that plaintiff was guilty of contributory negligence, as a matter of law . This point is predicated upon the theory that the plaintiff voluntarily left the sidewalk and entered upon the parking. This is a strained construction of the evidence. The plaintiff had no purpose to leave the sidewalk. He was walking in the dark, and inadvertently stepped over the edge at the dangerous spot. The question of plaintiff's contributory negligence was one of fact, and was properly submitted to the jury. The refusal of defendant's Instruction No. 2 on that subject was proper. The purport of such instruction was to place an undue emphasis upon the degree of plaintiff's contribution to his accident.

**3. NEGLIGENCE: falling into hole near sidewalk.**

IV. The attending physicians testified as to the extent of the plaintiff's injuries. They had made an examination of the plaintiff without the help of an X-ray instrument, and had each testified to his diagnosis. It appeared, also, that, some time subsequently, an X-ray photograph had been taken by someone else. On cross-examination, each testified, in substance, that he was confirmed in his diagnosis by the X-ray photograph referred to. On the strength of this cross-examination, the defendant moved to strike their testimony. Though the defendant was entitled to

**4. EVIDENCE: improper basis for opinion.**

have the opinion of the witness confined to his own examination, it was not entitled to have the entire evidence stricken, on the ground indicated. We are impressed, also, that the error, if any, could not have been prejudicial. The evidence is undisputed that the injury was serious, and that plaintiff has been greatly disabled thereby. It was a dislocation of the ilio-sacral joint. He suffered much pain, and spent considerable time in a Chicago hospital. He had not recovered at the time of the trial, which was nearly one year after the accident. The verdict was for $2,500. The moderation of it is strong evidence that the jury was not unduly influenced by the evidence complained of. The only hurtful effect which such evidence could have had would be to increase the verdict. A careful examination of the entire record satisfies us that it presents no prejudicial error, and the judgment below is—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.