MARY E. DANIELS, Appellee, v. IOWA CITY, Appellant.

MUNICIPAL CORPORATIONS: Excavations in Street—Jury Question. A jury question on the issue of negligence and contributory negligence is presented by testimony tending to show that, in the sidewalk part of a street, an unguarded excavation, from 6 to 10 feet long, and from 3 to 10 inches deep, had existed for many months, and that plaintiff, unfamiliar with such condition, fell into such excavation on a dark night.

MUNICIPAL CORPORATIONS: Defective Street—Service of No-
tice of Injury. Service on a city of notice of injury by reason
of defective street may be made by taking from the mayor an
acknowledgment of service of such notice.

MUNICIPAL CORPORATIONS: Notice of Injury—Jury Issue as to
Sufficiency. Evidence reviewed, and held to present a jury
question on the issue whether the *date* of an injury was stated
in a notice at the time it was acknowledged by the mayor.

APPEAL AND ERROR: Reservation of Grounds—Sufficiency. The
point that testimony was erroneously withdrawn is properly
presented by raising the issue in the pleadings, and by enter-
ing a specific exception to the instruction.

APPEAL AND ERROR: Review—Insufficient Record. Refused in-
structions may not be the basis for error, unless such instruc-
tions are embraced in the appeal record.

*Appeal from Johnson District Court.*—RALPH OTTO, Judge.

APRIL 13, 1920.

ACTION for damages resulted in judgment against de-
fendant, from which it appeals.—*Reversed.*

*W. R. Hart, Jr.,* and *Bailey & Murphy,* for appellant.

*Havner, Messer, Clearman & Olsen,* and *George D.
Koser,* for appellee.

LADD, J.—I.   On the 54th anniversary of her birth, May
2, 1916, the plaintiff started from her home, on Sheridan
Avenue, for that of Jacobs, on Oakland Avenue, to pay a
promissory note.   This was at 8 o'clock in
the evening.   The rain was falling, so that
she carried an umbrella; and the night was
dark.   She went directly east, four blocks,
and turned north on the cement sidewalk
on the west side of Oakland Avenue.   She had not taken
this route before, and, upon reaching the end of the walk,
and before reaching her destination, she stepped off into an
excavation, and suffered the injury complained of.   No

1. MUNICIPAL
CORPORATIONS:
excavations in
street: jury
question.

guard or warning was provided by the city, and no trees were near by. The jury might well have exonerated her from the charge of contributory negligence. *Hanson v. City of Anamosa,* 177 Iowa 101; *Scurlock v. City of Boone,* 142 Iowa 684; *Templin v. Incorporated City of Boone,* 127 Iowa 91.

II. The evidence tended to show that, from the end of the walk, there was an excavation, probably for the extension for the sidewalk, 6, 8, or 10 feet long, as wide as the walk, and variously estimated by the witnesses at from the thickness of the cement walk to 10 inches below the top of the walk, immediately north of its end. Some evidence tended to show that dirt had been thrown out at the sides, and that the bottom of the excavation was uneven. Breese, a member of the city council, examined the place, within three days after the occurrence, and testified that he measured the depth of the excavation, and found it to be from $3\frac{1}{2}$ to 4 inches deep; that loose dirt had been thrown against the end of the sidewalk, so as to slope therefrom about 18 inches to the bottom of the excavation; and that, some distance to the north, about a shovelful of dirt had been thrown in. The contractor who put the sidewalk in, testified that the excavation at the end, in the fall of 1915, was 4 inches deep; that dirt was thrown in at the end of the walk, so that, when tramped, it sloped from the top of the walk, north, 8 to 12 inches; that he examined the place, two or three days after Mrs. Daniels fell, and found the excavation a half inch shallower than in the fall; that the excavation was made for a crosswalk, which was not put in; and that, in making it, the earth was thrown back at least 2 feet from the edge, or in the excavation, to level the bottom. This recital is sufficient to demonstrate that the issue as to defendant's negligence was for the jury. That jury might have found the excavation at the end of the sidewalk 6 or 7 inches deep, without earth filled in, as

sworn to by two of the witnesses. This might have been found to have been a dangerous trap for the pedestrian, who had the right to assume that the walk was in a reasonably safe condition for travel, though required to exercise ordinary vigilance for his own protection. *Dunn v. Incorporated City of Oelwein,* 140 Iowa 423; *Hearn v. City of Waterloo,* 185 Iowa 995; *Welsh v. City of Des Moines,* (Iowa) 170 N. W. 369 (not officially reported); *Finnegan v. City of Sioux City,* 112 Iowa 232. There was no error in ruling that the evidence was sufficient to carry the issues to the jury.

III. Section 3447 of the Code Supplement, 1913, declares that an action such as this may not be maintained unless begun within three months after the injury, "unless written notice specifying the time, place and circumstances" is served within 60 days from the happening of the injury; and, if so served, then action may be maintained if commenced within two years. It was not begun until May 1, 1918. If, then, the notice served did not state the time of the injury, the period of limitation was not tolled, and the cause of action was barred by the statute of limitations. Service of notice, specifying the time, place, and circumstances of the injury was acknowledged by the mayor June 23, 1916; and the notice, with such acceptance endorsed thereon, was received in evidence, over objection. There was no error in this ruling; for the attorney preparing the notice swore that the mayor had signed the acknowledgment of service. Such service was sufficient. *McCartney v. City of Washington,* 124 Iowa 382.

2. MUNICIPAL CORPORATIONS: defective street: service of notice of injury.

But was the date of the injury stated in the notice, when served? The attorney who prepared the notice, being called by defendant, identified a notice precisely like that

3. MUNICIPAL CORPORATIONS: notice of injury: jury issue as to sufficiency.

introduced in evidence, save that the date of the injury was omitted, and "original" was written thereon. On cross-examination, he testified that he had taken the two notices to the mayor at the city hall; that, upon reaching that place, he noticed that the date of the injury had been omitted, and there wrote such date in the one, and handed it to the mayor, who attached his name to the acceptance of service; that he intended to write the date in the other, when the mayor remarked, "I accepted service there," or something to that effect, and handed it back, and retained the other; that he told the mayor to keep the one on which he had written the date, to which the mayor responded that it would make no difference. On redirect examination, he swore that the acceptance, other than the signature, was in his handwriting; that "those words were written, as near as I can remember, at the same time that the words written at the top of the first page 'on May 2, 1916,' as near as I can tell, it is the same ink; as near as I remember, at same time, as near as I can remember, the words 'On May 2, 1916,' is in my handwriting;" and that he did not interline the date afterwards. The mayor, George W. Koontz, recalled having signed the acknowledgment of service, and caused the notice left with him to be filed by the city clerk, and that the word "original" was on it, but was unable to recall whether Koser said anything or made any change in the notice. When asked whether Koser did any writing in his presence, he answered:

"Not that I remember of. Q. As a matter of fact, he had to do some writing after he came over there, because he wrote, among other things, the acceptance of service on this notice, didn't he? A. I wouldn't be positive he wrote it there. I signed it there, though."

He swore further that he had no recollection of Koser's

writing the words "May 2, 1916," on the notice, or that anything was said about the matter.

"Q. He might have made that statement (writing these words in the notice retained), and you not remember it,—isn't that true? A. I think so. As a matter of fact, I accepted service on not many notices there at City Hall,—occasionally one,—not many. I don't remember that Mr. Koser did any writing in my presence at City Hall. It is possible he wrote in that acceptance, but I am not sure. My best recollection is that Mr. Koser didn't do any writing at the City Hall: that is, as I remember it. I haven't any recollection of his doing any writing there. I didn't see him with a pen, doing any writing at the City Hall,—not as I remember of."

This was controverted by the mayor's testimony that, though present, he had no recollection of the attorney's having written while in his office, or having mentioned the matter, and the circumstance that the notice left contained no date. Though a copy of notice is not required, when service is by acknowledgment, that it omitted the date was significant, as throwing light on the issue as to whether the date was stated in that served. Under Section 3518 of the Code, service of notice by acknowledgment does not exact the delivery of a copy. All that is essential is that acknowledgment of service be dated, signed by the party sought to be served, and endorsed on the notice. We are of the opinion that the issue should have gone to the jury.

IV. Counsel for appellee argues that the defect was not of the sidewalk. If this were admitted, then it would necessarily follow that it must have been of the street. In either event, the notice must have been served within 60 days, to have tolled the statute. *Tewksbury v. City of Lincoln*, 84 Neb. 571 (121 N. W. 994), has bearing on the question, as a glance at the statute there considered will demonstrate.

V. The contention that the point was not properly raised is without foundation. The issue was raised by answer. The court told the jury that:

"The court has withdrawn from your consideration the testimony as given by the witness Koontz, and by the witness D. T. Davis, and the same should not be considered by you in arriving at your verdict."

**4. APPEAL AND ERROR: reservation of grounds: sufficiency.** This was the first paragraph of the eighth instruction, and it was excepted to as "the first paragraph" thereof; and this assignment of error was that the court erred in withdrawing the testimony of these witnesses, stating the page and line where the exception to the instruction was printed therein. This was in compliance with the statute, as construed by *Anthony v. O'Brien,* 188 Iowa 802. Koontz was the mayor, and the only testimony given by him is that previously referred to. As pointed out, it was sufficient, with the notice left with him, to raise the issue as to the sufficiency of the notice served. This being so, there was error in excluding his testimony; for, if it had been considered, that issue must have gone to the jury.

Complaint is made of the refusal to give an instruction. We do not find it in the record, nor any exception thereto, save generally to the refusal of the court "to give the two instructions requested by the defendant."

**5. APPEAL AND ERROR: review: insufficient record.** This is insufficient, as appears from the last-cited cause. Appellee suggests that the statute of limitations involved is unconstitutional. As the point does not appear to have been raised in the district court, it is not considered.

Because of the error in withdrawing the testimony of Koontz, and not submitting sufficiency of the notice, when served, to the jury, the judgment is—*Reversed.*

WEAVER, C. J., GAYNOR and STEVENS, JJ., concur.