MARY E. DANIELS, Appellee, v. IOWA CITY, Appellant.

**APPEAL AND ERROR:** Presumption—Disregard of Rules of Presentation. Principle reaffirmed that, in the absence of a presentation of error points in accordance with the rules governing appellate procedure, the court may peremptorily dismiss the appeal and summarily affirm the judgment.

**APPEAL AND ERROR:** Extent of Review—Failure to Except to Judg-
2  ment. Failure to save any exception to a judgment entered, pre-
   cludes consideration of a later entered claim that the judgment is
   excessive.

**APPEAL AND ERROR:** Extent of Review—Misconduct of Counsel
3  Without Record. Error may not be based on alleged misconduct of
   counsel in argument, unless the specific misconduct is made of record
   and exception entered thereto.

**EVIDENCE:** Best Evidence Rule—X-Ray Photograph. An expert may
4  testify to what appears in an X-ray photograph *only as to those
   matters which the jurors themselves, as laymen, would not under-
   stand.* As an illustration, the expert may testify that bones make
   a heavier shade in the photograph than muscles.

*Appeal from Johnson District Court.*—RALPH OTTO, Judge.

JUNE 25, 1921.

ACTION for damages against the defendant city for personal
injuries caused by a defective sidewalk. Verdict in favor of
plaintiff in the sum of $3,500, which was reduced, by filing a
remittitur, to $2,500, and judgment was entered accordingly.
Defendant appeals.—*Affirmed.*

*W. R. Hart, Jr.,* for appellant.

*Messer, Clearman & Olsen* and *George D. Koser,* for appel-
lee.

DE GRAFF, J.—This is the second appearance of this cause
on appeal in this court. The former opinion is reported in 188
Iowa 1012. The evidence presented by the record on this trial
is not materially or substantially different from the record pre-
sented on the former trial, and we will not lengthen this opinion
by a reiteration of the facts.

It is apparent that appellant has not strictly observed the
rules of this court in the preparation of his brief and argument.
Error will not be presumed; and, unless the errors relied upon

1. APPEAL AND
   ERROR: presump-
   tion: disregard
   of rules of pre-
   sentation.

for a reversal are properly assigned and argued,
they will not be considered in this court. *Chad-
ima v. Kovar,* 168 Iowa 385; *Pierce v. Wilke,*
165 Iowa 386; *Lamkin v. Lamkin,* 177 Iowa 583.

A partial observance, however, having been attempted, we will not, in this instance, peremptorily dismiss the appeal and summarily affirm the judgment.

I.　It is first contended that the verdict is excessive, and the result of passion and prejudice. The quantum of damages, under proper instructions, is peculiarly within the province of the jury to determine.

2. APPEAL AND ERROR: extent of review: failure to except to judgment.

Plaintiff was injured May 2, 1916. The verdict in this case was returned June 4, 1920. Sufficient time intervened, not only for a fair presentation of the case, but for calm and deliberate judgment on the part of the jury in making its findings.

The court, on its own motion, reduced the verdict $1,000, but specially found that there was no showing of passion and prejudice. No good reason is assigned why the judgment entered should be disturbed. Furthermore, no exception was noted or saved to the judgment as entered by the court; and, like moving the previous question, debate must end as to Point 1.

II.　It is further contended that prejudicial remarks were made by plaintiff's counsel in his closing argument, and that the court erred in failing to direct the jury specifically to pay no attention to said statements. A perfect argument, like a perfect trial, is a *rara avis*. The fundamental difficulty with this assignment of error, however, is the absence from this record

3. APPEAL AND ERROR: extent of review: misconduct of counsel without record.

of the statements of counsel to the jury, or exceptions thereto. True, defendant's motion for a new trial contains certain statements alleged to have been made by opposing counsel, and we may presume that the same found lodgment in the memory of counsel; but they are not within the pages of this record. Furthermore, no instructions were requested in this particular, but the record does show the following:

"Court. Have you all the record you want now? Defendant's counsel: That is all I want,—yes."

This necessarily terminates the debate on Point 2.

III.　Error is assigned on the refusal of the court to permit defendant's expert, Dr. F. L. Love, to testify as to what appeared in the X-ray photographs of the injured leg of the plaintiff. The photographs themselves are the best evidence of what

appears on them. To sustain appellant's con-
tention as to the X-ray photographs in question,
we would necessarily reverse our holding in
*Elzig v. Bales,* 135 Iowa 208, and *Lang v. Marshalltown L., P.
& R. Co.,* 185 Iowa 940.

4. EVIDENCE: best evidence rule: X-ray photograph.

Whatever criticism may be directed against the rule an-
nounced in the foregoing cases, the record shows that this ex-
pert was permitted to testify as to what X-ray photographs show,
how they are taken, how things are indicated thereon, and his
physical examination of the plaintiff. We appreciate that too
strict an application of the best evidence rule as applied to
X-ray photographs, is not desirable; but it may not be said,
under the instant record, that any prejudice resulted in sustain-
ing the objections to the questions propounded.

It is proper for an expert to explain an X-ray photograph
in such particulars as are not understood by a layman. See
*State v. Matheson,* 142 Iowa 414. What the jury could see and
understand about the matter is not the subject of expert testi-
mony, and this we understand to be the effect of our prior de-
cisions. A radiograph may be used for purposes of demonstra-
tion by an expert as though he had the object itself before the
jury for explanation. *Sheldon v. Wright,* 80 Vt. 298.

That the bone can be distinguished from the flesh in an
X-ray photograph, and that the bone would make a heavier
shade than the muscle, is proper expert testimony. Such scien-
tific facts would not be known by the average layman. *Missouri
K. & T. R. Co. v. Coker,* (Tex. Civ. App.) 143 S. W. 218.

IV. The three primary propositions involved in this case,
to wit, (1) defendant's negligence, (2) plaintiff's freedom from
contributory negligence, and (3) whether the statutory notice
contained a recital of the date of the accident, when served upon
the city, were all determined upon the former appeal of this case.
These were fact questions, and were, in the instant case, prop-
erly submitted to the jury for determination. The legal prin-
ciples declared upon the former appeal became the law of this
case upon a retrial.

We have carefully read the court's instructions, and they
are not subject to any legal criticism. The record is free from

reversible error, and therefore the judgment entered by the trial court is—*Affirmed*.

Evans, C. J., Weaver and Preston, JJ., concur.