O. T. HENDERSON, Appellant, v. D. WILSON et al., Appellees.

**PLEADING: Belated Filing.** Pleading to the merits of a cause after the entry of judgment therein is unauthorized.

**APPEAL AND ERROR: Record—Scope and Contents.** A pleading filed long after the entry of judgment is no part of the record on appeal from the judgment itself.

*Appeal from Appanoose District Court.*—D. M. ANDERSON, Judge.

OCTOBER 16, 1923.

SUIT upon a promissory note signed by the two principal defendants. A writ of attachment was issued, and was served by

garnishment on the city of Centerville and on C. O. Mitchell and others. Claimants of the garnished fund joined in a petition of intervention. The plaintiff joined issue with the interveners by answer which was, in effect, a general denial. There was a finding and judgment for the interveners, and plaintiff appeals.— *Affirmed.*

*C. A. Baker,* for appellant.

*Howell, Elgin & Howell* and *Wilson & Smith,* for appellees.

EVANS, J.—No evidence is incorporated in appellant's abstract and no exceptions are presented for our consideration, save an exception to the judgment alone. It appears from the pleadings that the city of Centerville let a contract for street improvements to one Mitchell.

1. PLEADING: belated filing.

Mitchell sublet a part of the contract to Hughes Construction Company, and the latter company sublet to the defendant D. Wilson. Wilson proceeded to the performance of his subcontract, and employed labor to that end. The city of Centerville, as garnishee, denied any liability to Wilson or to the attaching plaintiff. Mitchell, as garnishee, admitted an indebtedness to Wilson for the part performance of his subcontract, to an amount in excess of $400. The interveners were all laborers who had performed the work whereby Mitchell became indebted to Wilson. They presented their claims under the provisions of Section 4020, Code Supplement, 1913. For aught that appears in this record, their proofs were complete, and complied with all the requirements of said section. No question was raised at the trial as to the right of the interveners to proceed under such section. The judgment of the court was entered on April 29, 1922. A long time thereafter, and on June 24th, the plaintiff filed a pleading wherein he challenged the right of the interveners to proceed under Section 4020, and set forth the contention that they were entitled to proceed only under the provisions of Code Section 3102, and that they had failed to comply with such latter section. The plaintiff's contention, as appellant herein, is now predicated upon such pleading.

There was no warrant for such a pleading after judgment. Nor is such pleading any proper part of the record upon which

appeal from the judgment can be predicated.  The burden is upon the appellant to show error upon the record.  None is made to appear.  So far as appears, the case was tried without objection, upon the theory of the pleadings.  No error is disclosed.  The judgment below is, accordingly, affirmed.—*Affirmed.*

2. APPEAL AND ERROR: record: scope and contents.

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.