JOHN F. KERN, Appellee, v. JOHN W. SANBORN et al., Appellees; WILLIAM F. LOHR, Appellant.

No. 46158.

FEBRUARY 9, 1943.

REHEARING DENIED MAY 7, 1943.

J. W. Hubbard and F. W. Lohr, both of Sioux City, for appellant.

Shull & Marshall and Robert B. Pike, all of Sioux City, for appellees.

MILLER, J.—■ Plaintiff filed a verified petition to quiet title to certain real estate conveyed to plaintiff by Woodbury

county after it had acquired title by tax deed. Woodbury county filed answer. Defendant Lohr filed a motion for more specific statement which was overruled. On February 10, 1942, Lohr was given ten days to answer. On February 25, 1942, he was again granted ten days to answer. On March 31, 1942, Lohr had no answer on file; default was entered against him and a decree was entered with approval of counsel for Woodbury county.

Thereafter the following order was entered:

"Now, to wit: April 3rd, 1942, upon showing made by defendants by their counsel, in open court, the Hon. D. C. Browning, Judge, presiding, it is ordered by the court, that the Default Decree quieting title in plaintiff heretofore and on March 31, 1942, granted in this cause, be, and is hereby set aside and cancelled, and that the defendant, William F. Lohr be, and is hereby allowed to file Answer herein."

On the same day that said order was made, Lohr filed a verified answer which asserted that he owned the property, having acquired title by a sheriff's deed; that the tax deed of Woodbury county was based upon a sale for taxes for the years 1931, 1932, 1933; that receipts for taxes for the years 1934 to 1940 inclusive were issued without the payment of any money; none of the taxes were brought forward in subsequent years; they ceased to be liens on the property; the notices of expiration of time for redemption were defective; the amount paid for plaintiff's deed was nothing more than a redemption of the property by a mortgagee; defendant offered to pay the amount found by the court necessary to make redemption from the tax sale and deed thereon.

Thereafter the following order was entered:

"Now, to wit: April 6, 1942, come the parties herein by their respective counsel, into open court, the Hon. D. C. Browning, Judge, presiding, and the Court, being fully advised, it is ordered by the Court, that the Order heretofore and on April 3rd, 1942, made in this cause setting aside default Decree quieting title in plaintiff be, and is hereby set aside and cancelled, and the Decree quieting title in plaintiff is hereby ordered re-

instated, and the Answer of the defendant, William F. Lohr, filed under date of April 3, 1942, is hereby ordered stricken, and defendants' Motion to set aside Decree, heretofore filed herein, be, and is hereby overruled; to all of which the defendant William F. Lohr duly excepts.''

The March term at Sioux City commenced March 2, 1942, and ended May 3, 1942. The record for the term was signed by Judge Forsling on May 4, 1942. On May 25, 1942, defendant Lohr perfected an appeal to this court. He asserts that the court erred in striking his answer and in reinstating the default decree previously set aside.

Both sides rely upon the provisions of section 10801, Code, 1939, to wit:

''The record aforesaid is under the control of the court, and may be amended, or any entry therein expunged, at any time during the term at which it is made, or before it is signed by the judge.''

Defendant Lohr contends that, under this statute, the court had the power to set aside the decree of March 31, 1942. Similarly, plaintiff contends that, on April 6, 1942, the court had the power to set aside the order of April 3, 1942, and to reinstate the decree of March 31, 1942. We are disposed to the view that the court had jurisdiction and power to act in each instance. But that does not solve our problem. The question before us is, Did the court err in either instance? The answer to this question is somewhat obscure because of the meager record before us.

On March 31, 1942, Lohr had been in default for want of a pleading for about three weeks and default was properly entered against him. Section 11587, Code, 1939. As far as the record shows, decree was properly entered at that time. The proceedings had on April 3, 1942, apparently were not made of record. Nothing appears in regard thereto except the court's order. The order was entered at the same term that the default was taken so that section 11589, Code, 1939, is controlling. The statute required Lohr to plead issuably forthwith, which was done. It also required the filing of an affidavit of merit. None

was filed, but the court may have considered the verified answer equivalent thereto. Huebner v. Farmers' Ins. Co., 71 Iowa 30, 32 N. W. 13. The statute further required "a reasonable excuse shown for having made such default." If any such showing was made it does not appear in the record before us.

In Comes v. Comes, 190 Iowa 547, 551, 178 N. W. 403, 406, we state:

"As the requirement is that it be shown, not alleged, the fair implication is that the excuse must be established by affidavit."

Such a rule would be helpful where, as here, the default is set aside ex parte. The party not present should have a record made which would permit him to question the action of the court if he chose to do so. While we have held repeatedly that the court has a wide discretion in the matter (see Allemang v. White, 230 Iowa 526, 529, 298 N. W. 658, and cases cited therein) we have also held in many cases that the showing made was insufficient to establish a reasonable excuse. Iowa Cord Tire Co. v. Babbitt, 195 Iowa 922, 192 N. W. 431, and cases cited therein. Since the default was set aside herein ex parte with no record of the showing relied upon to establish a reasonable excuse, the order of April 3, 1942, is largely dependent upon presumption in the absence of a record. When the order of April 6, 1942, was made a hearing was had with both parties represented by counsel and the court was fully advised. We may presume that at such later hearing the entire record was before the court. But no record of the testimony was preserved for presentation to us. Since counsel for Lohr was present, he could have insisted upon a proper record being preserved at that hearing.

We have held repeatedly that every presumption will be indulged in favor of the correctness of the rulings upon the trial; we will not reverse if for any reason the rulings can be sustained; error is not to be presumed and the burden is on the party alleging error to show it affirmatively by the record. Wine v. Jones, 183 Iowa 1166, 1177, 162 N. W. 196, 168 N. W. 318; Henderson v. Wilson, 196 Iowa 631, 633, 195 N. W. 194; Miller v. Swartzlender & Holman, 192 Iowa 153, 154, 182 N. W.

651; Daniels v. Iowa City, 191 Iowa 811, 812, 183 N. W. 415; Holt v. Doty, 193 Iowa 582, 586, 187 N. W. 550; Aetna State Bk. v. Fremmer, 213 Iowa 339, 239 N. W. 234; Dolan v. Burlington, C. R. & N. Ry. Co., 129 Iowa 626, 105 N. W. 834; Citizens' Bank v. Rhutasel, 67 Iowa 316, 320, 25 N. W. 261, 262; Trebon v. Zuraff, 50 Iowa 180; Blythe v. Blythe, 25 Iowa 266; In the Matter of the Annexation of Kingston, 32 Iowa 594. In the case of Nelson v. Conroy Sav. Bk., 196 Iowa 391, 396, 397, 194 N. W. 204, 206, we state:

"The fact that a later ruling by the court is inconsistent with a former one creates no presumption of error in the latter. As between a former and a later contradictory ruling, the later one should be deemed controlling, rather than the former."

In Votruba v. Hanke, 202 Iowa 658, 661, 210 N. W. 753, 754, we state:

"The evidence was not preserved, nor was it essential to the judgment that it should be so preserved. The defendants could have required its preservation, if they had so chosen."

In line with the foregoing pronouncements of this court, the record herein requires an affirmance at our hands. The order setting aside the default depends upon presumption because there is no record of any showing of reasonable excuse for having made default. In view of the later order to the opposite effect, it may be presumed, in the absence of a record of the hearing then had, that, at such later hearing, the showing previously made as to reasonable excuse, if any, was fully reviewed in the presence of counsel for both sides and was then found to be insufficient. If such were the facts, the later order was proper. Kirby v. Gates & Bowman, 71 Iowa 100, 32 N. W. 191.

Since there is no record of the facts before the court on the vital issue herein, we must indulge in presumptions in favor of the court's later order, not opposed to it. Accordingly the decree is—Affirmed.

All JUSTICES concur.