[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 232 
Plaintiffs appeal from a summary judgment of dismissal by the Superior Court, Law Division.
The plaintiffs were appointed as chancemen of the Orange Police Department in 1935. During a portion of the period in that employment, deductions were made from their earnings as contributions to a municipal pension plan in accordance withR.S. 43:16-5. After successfully passing a competitive examination, they were, on February 24, 1947, appointed full-time patrolmen. At that time they signed enrollment forms for membership in the Police and Firemen's Retirement System of New Jersey (hereinafter referred to as "State Pension System"), created by the provisions of R.S. 43:16A-1 et seq., effective July 1, 1944, providing that any person appointed a policeman or fireman in a municipality which prior to that date had established a pension system pursuant to chapter 16, Title 43 or article 4 of chapter 10 of Title 43 of the Revised Statutes, shall become a member of the State Pension System as a condition precedent to his employment. Thereafter, plaintiffs instituted an action in the Superior Court demanding that they be removed from the New Jersey State Pension System and continued as members of the municipal retirement system. Defendants filed answers, alleging in substance that plaintiffs, as a result of their competitive examinations, were not promoted as chancemen to regular full-time patrolmen, but constituted original appointments as full time patrolmen and they were, therefore, subject to the provisions of R.S. 43:16A-1 et seq.; that consequently they had no legal right to membership in the municipal pension system.
Plaintiffs' motion for summary judgment on the pleadings was denied and a summary judgment was entered for the defendants, although no formal application therefor had been made. The court held that when plaintiffs were appointed as patrolmen they elected to become members of the State Pension *Page 234 
System by written application and such election constituted an estoppel of the plaintiffs' right to proceed.
Plaintiffs contend that by reason of their appointment as chancemen they became regular and permanent members of the police department and their position as patrolmen was achieved by way of promotion and not by an original appointment; that as regular members of the police department they were entitled to pension rights in the municipal pension system dating from the effective date of their appointments as chancemen; that on plaintiffs' motion for a summary judgment defendants are not entitled to a summary judgment unless they serve notice of a counter-motion for judgment. Defendants contend that plaintiffs' election to join the State Pension System constituted an estoppel and the court's denial of plaintiffs' motion for summary judgment and summary judgment of dismissal against plaintiffs was legally appropriate.
The doctrine of estoppel is clearly stated by Mr. Justice Heher in N.J. Suburban Water Co. v. Harrison, 122 N.J.L. 189, atp. 194 (E. A. 1939), as follows:
"In modern usage, equitable estoppel and estoppel in pais are convertible terms, embracing also quasi-estoppel. They embody the doctrine, grounded in equity and justice, that one shall not be permitted to repudiate an act done or position assumed where that course would work injustice to another who, having the right to do so, has relied thereon. An estoppel arises `where a man is concluded and forbidden by law to speak against his own act or deed; yea, even though it is to say the truth.' Termes de laLey, tit. `Estoppel,' cited in Demarest v. Hopper, 22 N.J.L. 599,619. It is operative where a person `has done some act which the policy of the law will not permit him to gainsay or deny.' 1Greenl. Evid. (16th ed.) ch. VI, § 22. See, also, Blk.Com. 308. While the creature of equity, and governed by equitable principles, it is a doctrine enforceable in courts of common law jurisdiction. LaRosa v. Nichols, 92 N.J.L. 375;Central Railroad Co. v. MacCartney, 68 Id. 165. It is of the essence of equitable estoppel that one is precluded from taking a position inconsistent with that previously assumed and intended to influence the conduct of another, if such repudiation `would not be responsive to the demands of justice and good conscience,' in that it would effect an unjust result as regards the latter.Rothschild v. Title Guarantee and Trust Co., 204 N.Y. 458; 97N.E. Rep. 879; 41 L.R.A. (N.S.) 740." *Page 235 
To warrant the application of the doctrine of estoppel, the position taken by the party charged with the estoppel must be shown to be inconsistent with reference to the same or identical matter or thing and to be of such a nature as would likely result in reliance and injury or in a miscarriage of justice. The court's dismissal of plaintiffs' action has precluded them from presenting evidence establishing the facts and circumstances under which the applications to the State Pension System were signed, whether the defendants relied thereon in consummating plaintiffs' appointments and whether the enrollment in the State Pension System worked an injustice to the defendants. We are of the opinion that the Superior Court prematurely dismissed the plaintiffs' complaint and, while it properly denied plaintiffs' application for a summary judgment on the pleadings, plaintiffs should have been given an opportunity to present evidence to establish the facts and circumstances alleged in their complaint and particularly those pertinent to the signing of the applications to the State Pension System.
The action of the lower court in entering a summary judgment for the defendants, who had not given notice of such an application, raises a procedural question. The determination of a motion for summary judgment on the pleadings is an adjudication as to whether an issue requiring trial has been created. It serves to expeditiously and justly dispose of those matters in which there is no genuine factual issue. Denial of a motion for summary judgment is a determination that there is an undisposed of issue, not a disposition of the issue itself. Van Alen v.Aluminum Co. of America, D.C.N.Y. 1942, 43 Fed. Supp. 833. On the other hand, where a defendant has on motion obtained a summary judgment he has had a complete determination of the case.Love v. Silas Mason Co., D.C. La. 1946, 66 Fed. Supp. 753.R. 3:56-1 and R. 3:56-2 provide for respective applications of claimant and defending party for summary judgment. R. 3:56-3 provides, inter alia: "The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party may serve opposing affidavits not later than 2 days prior to *Page 236 
the date of hearing." It clearly appears from these rules, and the companion federal rules after which it was patterned, that notice of the cross-motion must be given to the adverse party before the court can entertain it. Pinkus v. Reilly, D.C.N.J.
1947, 71 Fed. Supp. 993. In the absence of such formal application of a cross-motion by the defendants, and appropriate notice thereof, the court here was limited to granting or denying the motion of the plaintiffs.
Without deciding the issue as to whether the plaintiffs' appointments as patrolmen represented a promotion from their former positions as chancemen or whether the appointments as full time patrolmen were original appointments, it appears to us that when they became, for the first time, permanent and full time active uniformed employees they were automatically subject to the provisions of the State System of Pensions for police and firemen as set forth in R.S. 43:16a-1 et seq. As chancemen they were not full time active uniformed employees and were not, therefore, subject to that act, since their services were not required on a full time basis and when called upon for duty they could elect to serve or not to serve as they chose. We are not unmindful of the decisions of our courts holding that chancemen are regular members of a police department and entitled to the benefit of the protective laws respecting their suspension or discharge, etc., and membership in the municipal pension system. However, these decisions, as we view it, are not applicable to the issue here.
It is obvious that the summary judgment entered against all the plaintiffs, on the ground that their application for membership in the State Pension System constituted an estoppel, cannot apply to the plaintiff, Anthony Renna, as he never became a member of the State Pension System.
The judgment of the Superior Court denying plaintiffs' application for summary judgment is affirmed and the summary judgment entered in favor of defendants and against plaintiffs is reversed. *Page 237