COLEMAN SEIRE, JOHN F. JONES, MOSES MAYBIN, JR., JOHN J. McDONOUGH, JR., AND ANTHONY RENNA, PLAINTIFFS-APPELLANTS, v. POLICE AND FIRE PENSION COMMISSION OF ORANGE, AND POLICE AND FIRE RETIREMENT SYSTEM OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Argued March 5, 1951—Decided April 9, 1951.

*Mr. Wilbur J. Bernard* argued the cause for the plaintiffs-appellants.

*Mr. Edmond J. Dwyer* argued the cause for the defendant-respondent Police and Fire Pension Commission of Orange.

*Mr. Joseph Lanigan* argued the cause for the defendant-respondent Police and Fire Retirement System of New Jersey. *Mr. Theodore R. Parsons,* Attorney-General of New Jersey, attorney.

The opinion of the court was delivered by

BURLING, J.   This appeal was taken by plaintiffs Seire, Jones, Maybin and McDonough to the Appellate Division of the Superior Court from a judgment of the Superior Court, Law Division, Essex County, and while pending there was certified here on our own motion.   The action stems from the refusal of defendant Police and Fire Pension Commission of Orange (hereinafter called the municipal fund) to accept and admit plaintiffs to membership, and the refusal of defendant Police and Fire Retirement System of New Jersey (hereinafter referred to as the state fund) to allow withdrawal from membership by plaintiffs Seire, Jones, Maybin and McDonough.

The facts tersely are as follows: Plaintiffs Seire and Maybin were appointed chancemen of the Police Department of the

City of Orange on July 5, 1935; plaintiffs Jones and McDonough and Renna were appointed chancemen in the same police department on September 9, 1936. For a period of time pension deductions from the earnings of the five plaintiffs were made by the municipality and paid into the municipal fund, but this practice soon ceased. Later, the plaintiffs successfully passed competitive examinations for patrolman and were employed as full-time patrolmen of the Orange Police Department on February 24, 1947. Coincident with their employment they signed and submitted written applications for membership in the state fund. Renna was rejected by reason of age; being over 30 years of age and not a veteran. (*L.* 1944, *c.* 255, *p.* 839, *sec.* 3, as amended by *L.* 1945 *c.* 148, *p.* 521, *sec.* 2; *N. J. S. A.* 43:16A–3); the other four were accepted on the ground that their status as veterans overcame the age disqualification. Later, plaintiffs Seire, Jones, Maybin and McDonough demanded that they be removed from the state fund and all five plaintiffs demanded that they be included in the municipal fund. These demands were rejected.

Thereafter the five plaintiffs instituted this action against the defendants in the Superior Court, all seeking membership in the municipal fund and all but Renna seeking withdrawal from the state fund. Both defendants answered, alleging that upon employment of the plaintiffs as patrolmen they became obliged to become members of the state fund provided they met the statutory qualification of good health. Motion made by plaintiffs for summary judgment on the pleadings was denied and summary judgment was entered for the defendants, although they had made no formal application therefor. The plaintiffs appealed to the Appellate Division of the Superior Court from that judgment, contending that as chancemen they had been regular members of the police department and their appointments as full-time patrolmen were merely promotions. On that appeal before the Appellate Division the plaintiffs argued they were therefore entitled to membership in the municipal fund effective as of the date of their appointment as chancemen and were policemen within the

statutory definition relative to the state fund (*L.* 1944, *c.* 255 as amended by *L.* 1945, *c.* 148; *N. J. S. A.* 43:16A–1 *et seq.*) before the effective date of that act and not obliged to become members of the state fund. That appeal was decided by the Appellate Division of the Superior Court on June 22, 1949. *Seire v. Police and Fire Pension Commission of Orange,* 4 *N. J. Super.* 230 (1949). It was held that the trial court had entered summary judgment prematurely, that plaintiffs should have been given an opportunity to present evidence to establish the facts and circumstances alleged in their complaint, and that the trial court, without proper application therefor, could not enter summary judgment for the defendants. The cause was remanded to the trial court. At the subsequent trial, plaintiffs failed to introduce any evidence to meet the factual issues referred to in the decision of the Appellate Division. The resulting judgment dismissed the complaint as to the plaintiffs Seire, Jones, Maybin and McDonough, ordered that they be considered and deemed members of the state fund, and ordered that plaintiff Renna be accepted and admitted to membership in the municipal fund. The present appeal is from the portions of the judgment concerning Seire, Jones, Maybin and McDonough.

The single question involved is whether the employment of the plaintiffs as chancemen constituted them as policemen within the provisions of *L.* 1944, *c.* 255, *p.* 836, *sec.* 1 as amended by *L.* 1945, *c.* 148, *p.* 519, *sec.* 1, *par.* (2) (*N. J. S. A.* 43:16A–1 (2)), and *L.* 1944, *c.* 255, *p.* 839, *sec.* 3, as amended by *L.* 1945, *c.* 148, *p.* 521, *sec.* 2 and by *L.* 1948, *c.* 424, *p.* 1662, *sec.* 1 (*N. J. S. A.* 43:16A–3). The amendments of 1945 and 1948 have no bearing upon the issue involved in this appeal. The pertinent portions of these sections of the act are:

"43:16A–1. Definitions
The following words and phrases as used in this act unless a different meaning is plainly required by the context shall have the following meanings:
\*        \*        \*        \*        \*        \*        \*        \*

"(2) 'Policeman or fireman' shall mean any permanent and full-time active uniformed employee  *  *  *."

"43:16A-3.  Membership; termination

"(1) After the date of the establishment of this retirement system, any person becoming a policeman or fireman in a county or municipality or fire district located in a township where, prior to the date this act takes effect, a pension fund under chapter sixteen of Title 43 or article four of chapter ten of Title 43 of the Revised Statutes for policemen or firemen has been established, shall become a member of this retirement system as a condition of his employment; provided, that his age at becoming a policeman or fireman is not over thirty years; *and further provided,* that he shall furnish such evidence of good health at the time of becoming a member as the board of trustees shall require.  *  *  *"

■■ Although it is settled in this State that chancemen are regular members of the police department and not temporary employees, *Albert v. Caldwell,* 123 *N. J. L.* 266 (*E. & A.* 1939); *McManus v. Caldwell,* 129 *N. J. L.* 111 (*Sup. Ct.* 1942), affirmed on opinion below 130 *N. J. L.* 175 (*E. & A.* 1942), they are appointed for part-time service and are not "full-time active uniformed" employees within the language of *L.* 1944, *c.* 255, *secs.* 1 and 3, as amended (*N. J. S. A.* 43:16A-1, 3) *supra,* which create, define and require membership in the state fund.  The plaintiffs did not become full-time active uniformed employees until they were employed as patrolmen on Februrary 24, 1947, after the effective date of the act.  It is mandatory under that act that persons becoming policemen, *i. e.,* full-time active uniformed employees, after the effective date of the act become members of the state fund as a condition of their employment.  Persons becoming members of the state fund are deprived of benefits under provisions of statutes relating to any other fund providing wholly or partly at the expense of a municipality a pension or retirement fund for policemen.  *L.* 1944, *c.* 255, *p.* 855, *sec.* 19.  The Legislature has made these positive provisions, and in so doing must be presumed to have taken cognizance of the decisions of our courts relating to chancemen when the legislation, including those provisions, was enacted. *Sutherland Statutory Construction* (3rd ed.), *vol. 2, sec.* 4510.

By the 1944 act, the Legislature created a statewide pension system for full-time policemen and firemen designed to ensure the uniform protection of all such public officers through the medium of pensions payable from a fund maintained upon a sound actuarial basis. The Legislature recognized the financial burden imposed on municipalities by pension funds operating within the scope of the earlier legislation and sought to reduce it. For the protection of those persons who were members of existing municipal funds and were disqualified by age or ill health to become members in the state fund, the municipal funds were permitted to continue in existence.

For the reasons above stated the portions of the judgment appealed from are affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, BURLING and ACKERSON—5.

*For reversal*—None.