253 N.W.2d 906 (1977)
In the Matter of the ESTATE of Frank Bradley CAMPBELL, Deceased, Virginia C. Johnson, Executor.
Carl NIELSEN, Appellant,
v.
Virginia C. JOHNSON, Appellee.
No. 2-58365.
Supreme Court of Iowa.
May 25, 1977.
Morris C. Hurd, Ida Grove, for appellant.
Thomas H. Treinen, Battle Creek, for appellee.
En banc.
LeGRAND, Justice.
This appeal involves the propriety of a summary judgment entered by the trial court in favor of defendant. We reverse and remand for further proceedings.
Frank Bradley Campbell died the owner of 93 acres of farm land in Ida County. His daughter, Virginia C. Johnson, was appointed executor of the estate. She also inherited the land in dispute. Plaintiff, Carl Nielsen, was a tenant on this acreage. He refused to vacate at the time the executor claims the lease terminated.
The executor started a forcible entry and detainer action against Nielsen which resulted in a judgment ordering Nielsen to surrender possession of the farm on December 30, 1974. He failed to do so. Subsequently, he tendered the executor approximately $1,500 in full payment of the rent claim. The executor rejected this offer, at the same time asserting a landlord's lien against all Nielsen's crops.
Nielsen then deposited the rent money with the Clerk of the Ida District Court. He started a declaratory judgment action to determine that the rent tendered satisfied his obligation to the landlord. He also asked that the landlord's lien be released. After the executor filed her answer, Nielsen filed a motion for summary judgment.
After hearing, the court denied Nielsen's motion for summary judgment but entered summary judgment in favor of the executor. It also assessed double rent against Nielsen as provided in § 562.2, The Code, because he had willfully held over after the end of his tenancy.
Nielsen appeals from this summary judgment. He says, first, the court was without authority to enter summary judgment for the executor since that issue was not then before the court and, secondly, he argues there were no grounds for summary judgment under the record in this case.
*907 We dispose of the matter on the first ground and do not reach the second.
I. After Nielsen filed his motion for summary judgment, the executor filed no resistance thereto. Neither did she ask for summary judgment herself. Nielsen's first complaint raises for the first time in this court the question whether a summary judgment may be granted to one who has not requested it.
Our summary judgment procedure (Rule 237, et seq. Rules of Civil Procedure) is patterned after the federal summary judgment rule. We have said federal decisions are therefore persuasive in interpreting our rule. See Daboll v. Hoden, 222 N.W.2d 727, 732 (Iowa 1974); Tip Top Distrib. Co. v. Insurance Plan Savings & Loan Ass'n, 197 N.W.2d 565, 568 (Iowa 1972) Sherwood v. Nissen, 179 N.W.2d 336, 339 (Iowa 1970).
There is formidable federal authority holding that once a matter has been submitted on motion for summary judgment, the court may, under proper circumstances, enter summary judgment for either the moving or non-moving party. See Missouri Pa. R. R. Co. v. National Milling Co., 409 F.2d 882, 885 (3d Cir. 1969); Local 33, Int'l. Hod Carriers Building & Common Laborers' Union v. Mason Tenders Dist. Council, 291 F.2d 496, 505 (2d Cir. 1961); Buckel v. Prentice, 410 F.Supp. 1243, 1247 (S.D.Ohio 1976); Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co. (S.D.N.Y.), 378 F.Supp. 485, 490, aff'd, 509 F.2d 64 (2d Cir. 1974); FDIC v. Sumner Financial Corp., 376 F.Supp. 772, 776 (M.D.Fla.1974); White v. Flemming, 374 F.Supp. 267, 270 (E.D.Wis.1974); Inter-State Milk Producers' Coop v. Butz, 372 F.Supp. 1010, 1011 (E.D.Pa.1974); Petroleo Brasileiro, S. A., Petrobras v. Ameropan Oil Corp., 372 F.Supp. 503, 508 n. 22 (E.D.N.Y.1974); Hennessey v. Federal Security Adm'r., 88 F.Supp. 664, 668 (D.Conn.1949); Northland Greyhound Lines, Inc. v. Amalgamated Ass'n of Street Employees Div. 1150, 66 F.Supp. 431, 433 (D.Minn.1946).
Some state courts have followed this lead, although cautioning that filing a cross-motion would be better practice. Carpineta v. Shields, 70 So.2d 573, 574 (Fla.1954); cf. John K. Brennan Co. v. Central Bank & Trust Co., 164 So.2d 525, 528 (Fla.App.1964).
There is also contrary authority. See discussion in 73 Am.Jur.2d Summary Judgment § 39 (1974). Pinkus v. Reilly, 71 F.Supp. 993, 994 (D.N.J.1947); Seire v. Police & Fire Pension Comm'n., 4 N.J.Super. 230, 66 A.2d 746, 748 (1949); Durham v. I.C.T. Ins. Co., 283 S.W.2d 413, 415 (Tex.Civ.App.1955); 48 A.L.R.2d 1188, 1195 (1956); cf. Miller v. United Security Ins. Co., 496 S.W.2d 871, 875 (Mo.App.1973).
Despite the authority to the contrary, we disapprove the procedure followed by the trial court here. We align ourselves with those courts refusing to grant summary judgment to one who has not requested it.
Summary judgment is a remedy available to either party upon motion. It is relief to be ordered only upon request. Rule 237 provides such a judgment may be entered "on motion." We believe this means motion by the one in whose favor judgment is entered. In the present case the executor did not ask for summary judgment. For reasons now set out we hold she was therefore not entitled to it.
After providing that summary judgment may be entered for a claimant, Rule 237 goes on to say:
"(b) For defending party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) Motion and proceedings thereon. The motion shall be filed at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may file opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, *908 interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." (Emphasis added.)
As we interpret this rule, summary judgment may be entered only for one who has filed a motion asking that relief and only after notice and hearing on that motion. The result reached here deprived Nielsen of the fundamental fairness to which he was entitled. See Miller v. United Security Ins. Co., supra, 496 S.W.2d at 875, where the court said summary judgment relief is an extreme and drastic remedy, bordering on a denial of due process. We believe this is true unless courts are careful to preserve a litigant's basic right to contest his adversary's claims. Nielsen had no real opportunity to do so.
Once entered, a summary judgment is just as much a judgment as one arrived at after a full-blown trial. In such a trial the parties are strictly limited to the issues as framed by the pleadings. Yet here we are asked not only to deprive Nielsen of his right to a trial but to do so with no statement by his adversary of the grounds upon which such action should be taken nor, indeed, of any notice that such a result could ensue from the hearing on his own motion. Although he failed to establish his own right to summary judgment, he did not thereby forfeit his right to resist the executor's claim she was entitled to one. This necessarily involves notice that such a claim is asserted together with an opportunity to defend against it. See Seire v. Police & Fire Pension Comm., supra, 4 N.J.Super. at 230, 66 A.2d at 748.
We believe the federal rule is wrong. We do not agree that requiring the filing of a cross-motion is formalistic only, as some of the authorities say.
We now hold one may not obtain a summary judgment under our Rule 237 without first having moved for such relief as provided by the rule. This case is accordingly reversed and remanded for further appropriate proceedings.
REVERSED AND REMANDED.
All Justices concur except HARRIS, MASON and McCORMICK, JJ., who concur specially.
HARRIS, Justice (concurring specially).
Summary judgment is appropriate where there are no genuine issues of material fact. Rule 237, Rules of Civil Procedure. It should be available when the parties properly demonstrate the absence of such issues.
I. I am persuaded by the "formidable federal authority" and the state authority acknowledged but rejected by the majority. In a proper case the availability of summary judgment should not depend on which of two contending parties was movant.
The majority recognizes rule 237 is patterned after rule 56 of the federal rules. The majority lays aside the principle that federal interpretations are persuasive in interpreting a state rule patterned after a federal rule. Daboll v. Hoden, 222 N.W.2d 727, 732 (Iowa 1974). It seems inappropriate to reject and ignore the experience of the federal courts with a federal rule we have chosen to adopt. Under federal law "* * * the weight of authority is that summary judgment may be rendered in favor of the opposing party even though he has made no formal cross-motion under Rule 56. * * *." 10 Wright & Miller Federal Practice & Procedure, § 2720, pp. 467-468.
The majority opposes this view on the claim it would deny Nielsen, the movant, fundamental fairness. But I see no unfairness in the federal rule unless it should be misapplied. The federal courts are alert to any such danger.
"Nonetheless, whenever the court believes that the nonmoving party is entitled to judgment, great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law. Thus an appellate court should not reverse a summary judgment and order judgment for the nonmoving party on the basis of an issue that the movant had no opportunity to meet in the district court.
*909 "* * *
"In keeping with this approach, when the appellate court determines that the entry of summary judgment was erroneous, it should reverse and remand the case for the trial court to make further rulings on the basis of the reviewing court's opinion. If on remand the lower court decides that summary judgment would be proper for the party who opposed the original summary judgment motion and the movant has had an opportunity to contest this finding, judgment under Rule 56 may be entered. On the other hand, if the facts were fully developed at the summary judgment hearing so that the court of appeals can determine that the nonmoving party clearly was entitled to a judgment as a matter of law, an entry of judgment for the nonmoving party may be proper if there is no procedural prejudice to the moving party." Id. at 417-472. See also 6 Moore's Federal Practice, § 56.12, pp. 56-332.
With these protections Nielsen has lost nothing to which he is legitimately entitled. He has not, as the majority suggests, lost his right to resist. I think the trial court was not barred from granting summary judgment merely because of a pleading failure.
II. Because the majority opinion agrees with Nielsen's first contention it does not reach his second: there were no grounds for summary judgment under the record in this case. On this contention the record is wholly inadequate for a proper review. The inadequacy, at least in part, stems from the fact the parties agreed to make their showings on the motion without a court reporter's presence.
The executor, the nonmovant in whose favor summary judgment was rendered, seeks affirmance by arguing:
"* * * The record as presented by Appellant in his Appendix consists almost entirely of controverted pleadings. The merits of the case as were presented to the trial court have not been made part of the record. It was Nielsen's Motion and he did not request a reporter when the Motion for Summary Judgment was heard on the merits. * * * The record is so incomplete a reviewing court could only speculate as to the actual evidence and findings and the trial court's reasoning on the findings of fact and law. There is no dispute between the parties that the evidence presented to the trial court was essential to the rendering and entry of the judgment, but this very material is not part of the record as prepared by Appellant, who is asking that error be found thereupon."
The executor seeks protection from the principle which places the burden of making a record upon the party attempting to reverse a trial court order. The executor cites Kern v. Sanborn, 233 Iowa 458, 462, 7 N.W.2d 801, 803-804 (1943) where we held, in the absence of a record, we would indulge in what we called a presumption favoring the trial court order.
No such presumption is available for the executor in the instant situation. This nonmovant, seeking to be treated as a movant, is in a poor position to argue she is excused from making the record. Had she filed the motion for summary judgment (as the majority holding requires) the executor plainly would have been obliged to show the absence of any genuine issues of material fact. Steinbach v. Continental Western Ins. Co., 237 N.W.2d 780, 783 (Iowa 1976).
The absence of the trial court record in no way meets the executor's burden. Any inference of regularity in a trial court's rulings is wholly inadequate for such a purpose. We so held in reversing an order setting aside a default judgment in Williamson v. Casey, 220 N.W.2d 638 (Iowa 1974). We held the movant had an obligation to make a record adequate to establish a ground for the relief sought. When such a record is not shown we do not assume, upon review, it was or could have been made. In Williamson we said: "Trial court's ruling cannot be upheld on the basis of speculation. It has no support in the record. We therefore hold the trial court abused its discretion in sustaining defendants' motion, and we reverse the ruling." 220 N.W.2d at 640. See also Rypkema v. Bowers, D. C., 66 F.R.D. 564, 569 (1974) *910 Batchelor v. Legg & Co., D. C., 55 F.R.D. 557, 561 (1972).
For reasons previously explained I believe the executor's failure to file a cross-motion for summary judgment should not bar her from obtaining one. However I would reverse because of the executor's failure to make a record showing she was entitled to summary judgment. I therefore concur in the result.
MASON and McCORMICK, JJ., join this special concurrence.