730 A.2d 432 (1999)
322 N.J. Super. 119
Alan OLSON, Plaintiff-Respondent,
v.
Christine STEVENS, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted March 3, 1999.
Decided June 11, 1999.
James B. Johnson, for defendant-appellant.
Bowers, Murphy, Lieberman & Lambo, Somerville, for plaintiff-respondent (Jayne M. Lambo, on the brief).
Before Judges A.A. RODRIGUEZ, KIMMELMAN and LEFELT, t/a.
The opinion of the court was delivered by RODRIGUEZ, A.A., J.A.D.
In this appeal we hold that an action for partition of real estate owned jointly by unmarried cohabitants should be transferred from General Equity to the Family Part of the Chancery Division where a palimony action between the same parties is pending.
These are the facts. Although Alan Olson and Christine Stevens were never married, they had a relationship for sixteen years. One daughter, now age fourteen, was born of that relationship. Olson and Stevens purchased a two-family home in North Plainfield as joint tenants with the right of survivorship. Olson, Stevens and their daughter lived together as a family in one of the apartments for over a decade. The other apartment was rented. Thereafter, discord arose between Olson and Stevens. In March 1996, Olson left the home and moved to Georgia to pursue a job opportunity. Stevens remained at the home with her daughter. She continued to collect rent from the tenant.
*433 Olson filed a complaint in General Equity, seeking partition by sale of the jointly-owned home. He also sought an even division of the net proceeds, reimbursement of half of the monies he paid for the benefit of the property, and an accounting of rent monies collected by Stevens. The following day, Olson filed a complaint in the Family Part for joint legal custody and visitation.
Stevens, in turn, filed a palimony suit against Olson in the Family Part. She sought support for the daughter, a portion of the enhanced value of Olson's assets due to the services provided by her and distribution and/or partitioning of assets and property jointly acquired by the parties during their cohabitation. She also sought enforcement of an agreement that Olson would support Stevens so she could "home-school" their daughter.
It is uncontroverted that Stevens has home schooled her daughter from kindergarten through ninth grade. The girl has successfully completed all the courses of study as required by the appropriate home schooling association. Since the time Stevens began home schooling her daughter, she has been unemployed. Her sole source of support has been Olson's income. Stevens alleges that she agreed with Olson to home school her daughter through high school graduation in exchange for his financial support. In her brief, Stevens takes the position that the agreement contemplated that she and her daughter would continue to live in the two-family home. Stevens alleges that as a result of this agreement, she gave up her career as an editor. Olson denies this agreement.
The two Family Part actions were consolidated. Stevens moved to consolidate the partition action. Olson cross-moved for summary judgment. The motion for consolidation was denied. The cross-motion for summary judgment was decided three weeks later. The judge granted summary judgment, ordering a partition sale and an even distribution of the net proceeds. The transcript of the judge's oral decision and the order indicate that the judge thought the matter was unopposed.
Stevens appeals contending that: (1) summary judgment was inappropriate because her opposing papers were not considered by the judge; (2) summary judgment was also inappropriate because there were material issues of fact which preclude summary judgment, and (3) a partition judgment was premature because there is a pending palimony action in which there are common questions of fact. We agree with the three contentions.
The summary judgment was granted after the judge mistakenly concluded that there was no opposition. As a matter of fundamental due process, we are constrained to reverse on that ground. Seire v. Police and Fire Pension Comm'n of Orange, 4 N.J.Super. 230, 236, 66 A.2d 746 (App.Div.1949).
Moreover, on the merits, there were material issues in controversy which precluded entry of summary judgment. Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540, 666 A.2d 146 (1995). Stevens asserts the existence of an agreement which gives her a continued right to occupy one of the apartments in the jointly-owned home until her daughter completes a high school program of home schooling. The existence or non-existence of this agreement and its precise terms are a material issue in the partition action. If the judge finds such an agreement, a partition by way of sale to third parties is not an appropriate remedy. Michalski v. Michalski, 50 N.J.Super. 454, 460, 142 A.2d 645 (App.Div.1958).
More importantly, we agree with Stevens that entry of the judgment of partition is premature because there are other issues between the parties. The house appears to be their most substantial asset. Stevens is not entitled to equitable distribution of assets owned solely by Olson. Kozlowski v. Kozlowski, 80 N.J. 378, 383, 403 A.2d 902 (1979); Crowe v. DeGioia, 90 N.J. 126, 132, 447 A.2d 173 (1982). However, the determination of child support obligations, support pursuant to the *434 alleged agreement and allocation of income derived from the jointly-owned home may impact on the ownership and occupancy of the house. Therefore, it advances the objective of judicial economy as well as effective resolution of disputes that the partition issue be resolved in conjunction with the palimony issues. See Ragusa v. Lau, 119 N.J. 276, 283-84, 575 A.2d 8 (1990) (reaffirming the judicial objective of uniform, expeditious and even distribution of justice). The Family Part of the Chancery Division is the appropriate forum for the resolution of all of these issues.
Accordingly, the summary judgment for partition is reversed. The matter is remanded for the entry of an order transferring the partition action to the Family Part and consolidating it with the palimony and custody actions pending there. See R. 4:3-1(b).
Reversed and remanded. We do not retain jurisdiction.