756 A.2d 652 (1999)
333 N.J. Super. 616
Kimberley DEY, Plaintiff,
v.
Timothy J. VARONE, Defendant.
Superior Court of New Jersey, Chancery Division, Monmouth County.
Decided May 1, 2000.
Michael Lettieri, Atlantic Highlands, for plaintiff.
Furman, Jennings & Wolff (Henry F. Wolff, III, Middletown, for defendant).
FISHER, P.J.Ch.
This actionin which the unmarried parties assert rights to property acquired during their relationshipraises a commonly misunderstood venue problem. Because the parties, although unmarried and without children, were undoubtedly in a "family" or "family-type" relationship, venue property lies in the Family Part and not the General Equity Part of the Chancery Division.
Plaintiff Kimberly Dey ("Kimberly") filed a verified complaint and obtained an order to show cause on March 23, 2000. The order required defendant Timothy Varone ("Varone") to show cause why Kimberly should not be permitted to remove certain property from the household she and Timothy shared for approximately 12 years. The record reveals that Timothy purchased a house in Atlantic Highlands about 15 years ago, prior to his relationship with Kimberly. In 1988, Kimberly moved in and, in 1991, she and Timothy agreed to marry. However, no marriage ever took place and, nine years later, Kimberly ended the engagement. As a result, Timothy collected what he unilaterally determined to be Kimberly's personal belongings and left them on the porch; he changed the locks and denied Kimberly any further access. Kimberly now seeks the right to retrieve other household items, including a large screen television, a dishwasher and range, other furniture and an engagement ring. Timothy claims the electronics, furniture and appliances constituted Kimberly's contribution to their home: *653 The understanding as to the financial responsibilities for expenses was that I would pay the mortgage, taxes, heating, water, sewer, and repair and maintenance for the house; plaintiff paid electric and telephone. This course of conduct was followed during the 12 years of plaintiff's occupancy of this house. In essence, the plaintiff was given the use of my house as her residence for over 12 years without ever having to pay rent. [As for the personal property in question,] [s]he bought these things for the house for our joint use, and they were never considered her sole property. This was her contribution to the house and to our joint welfare. She donated this property voluntarily as a repayment for the 12 years that she lived in my house.
Varone Certification, ¶ s 3, 6.
While neither party has objected, there can be no doubt that such an action should be venued in the Family Part. R. 4:3-1(a)(3) requires that "[a]ll civil actions in which the principal claim is unique to and arises out of a family or family-type relationship shall be brought in the Chancery Division, Family Part." What constitutes a "family" or "family-type" relationship within the meaning of this rule has never been clearly defined, perhaps because of the expansive and unpredictable ways in which persons may create familial bonds. Notwithstanding this uncertainty, there is no doubt that our courts do not require evidence of a marriage license to gain entrance into the Family Part, even when the action presents only a property dispute.
The key terms in R. 4:3-1(a)(3) "family" or "family-type"certainly encompass more than husbands and wives or parents and children. This is made clear not only by Justice Long's recent majority opinion in V.C. v. M.J.B., 163 N.J. 200, 748 A.2d 539 (2000) (emphasis added), but also by her separate concurrence, where it is said:
[W]e should not be misled into thinking that any particular model of family life is the only one that embodies "family values." Those qualities of family life on which society places a premiumits stability, the love and affection shared by its members, their focus on each other, the emotional and physical care and nurturance that parents provide their offspring, the creation of a safe harbor for all involved, the wellspring of support family life provides its members, the ideal of absolute fealty in good and bad times that infuses the familial relationship (all of which justify isolation from outside intrusion)are merely characteristics of family life that, except for its communal aspect, are unrelated to the particular form a family takes.
Those attributes may be found in biological families, step-families, blended families, single parent families, foster families, families created by modern reproductive technology, and in families made up of unmarried persons. What is required is the creation of "an intimate familial relationship that is stable, enduring, substantial and mutually supportive,... one that is cemented by strong emotional bonds and provides deep and pervasive emotional security."
Id., at 232, 748 A.2d 539, quoting Dunphy v. Gregor, 136 N.J. 99, 115, 642 A.2d 372 (1994); see also, Watkins v. Nelson, 163 N.J. 235, 748 A.2d 558 (2000); Brennan v. Orban, 145 N.J. 282, 301, 678 A.2d 667 (1996); Crowe v. DeGioia, 102 N.J. 50, 56, 505 A.2d 591 (1986). Despite this spacious view of what constitutes a "family," experienced practitioners frequently commence actions for the distribution or partition of real or personal property between unmarried adults in the General Equity Part rather than the Family Part.
Recently, the Appellate Division suggested that actions for partition of real estate owned jointly by unmarried cohabitants belong in the Family Part and not the General Equity Part. Olson v. Stevens, 322 N.J.Super. 119, 121, 730 A.2d 432 (App.Div.1999). That court determined a General Equity partition action should *654 have been transferred and consolidated with a Family Part action which involved palimony, child support and the division of other assets. The Appellate Division did not elaborate but, besides the obvious benefit of having all issues as to all parties resolved in a single forum, the Appellate Division no doubt envisioned that property disputes between unmarried cohabitants should be resolved by the same courts that resolve disputes between married cohabitants. See also, In re Estate of Roccamonte, 324 N.J.Super. 357, 366, 735 A.2d 614 (App.Div.1999). These recent decisions, as well as the Supreme Court's broad concept of what constitutes a "family," demonstrate that it is too late in the day for a trial court to conclude that the absence of a marriage license precludes Family Part venue over property disputes.
In addition, the court must be mindful of the fact that our Supreme Court has repeatedly acknowledged the need to defer to family judges in matters dealing with families or "family-type" situations. In Brennan v. Orban, the Court emphasized that the constitutional amendment creating the Family Part arose from the very idea that
this court would specialize in and uniquely understand the problems of families and all matters related thereto. The goal was to achieve a sounder and better form of justice.
145 N.J. at 301, 678 A.2d 667. Thus, close questions concerning the proper location for family or family-type disputes have always been resolved in favor of Family Part venue. See, Brennan, supra (marital tort claim should be managed by Family Part which will determine, on a case-bycase basis, whether there should be a jury trial); Watkins, supra (custody contests arising from guardianship actions brought in the Probate Part should be immediately transferred to the Family Part). Family Part judges commonly deal with the division of property between persons in a family or family-type setting and have at their disposal various forms of mediation and alternate dispute resolution devises which do not exist in the General Equity Part. Such cases ought to be managed and adjudicated by judges uniquely qualified to consider family problems. The parties should not suffer the loss of that expertise through the adoption of an unnecessarily narrow and historically erroneous view of Family Part venue.
For the foregoing reasons, the above matter shall be transferred to the Family Part of the Chancery Division for all further proceedings.