SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**Keith Isaac, deceased v. Board of Trustees (A-22-24) (089370)**

**Argued March 17, 2025 -- Decided July 31, 2025**

**HOFFMAN, J., writing for a unanimous Court.**

In this case, the Court considers whether the Board of Trustees of the Police and Firemen's Retirement System (PFRS) properly distributed the unpaid benefits of former Newark policeman Keith Isaac to his estranged spouse following his death.

On September 12, 2016, the Board approved Isaac's 2013 application for special retirement, retroactive to the amended date of August 1, 2014. Between August 1, 2014, and September 12, 2016, Isaac had accumulated $208,950.03 in unpaid benefits.

In March 2017, the Division of Pensions and Benefits distributed Isaac's unpaid benefits to Roxanne Isaac, Isaac's estranged spouse. Isaac's estate wrote to the Division, asking that it reconsider its decision. In a letter dated November 21, 2018, the Board informed the estate that "in filing for retirement and listing Roxanne as his spouse . . . Isaac nominated and designated her as his beneficiary," pursuant to N.J.S.A. 43:16A-12.2. Thus, the Board concluded that the Division "correctly paid" Roxanne the unpaid benefits. The estate appealed the Board's decision, and the Office of Administrative Law (OAL) affirmed. The estate then appealed to the Appellate Division, which remanded the matter to the OAL to conduct a supplemental hearing to uncover Isaac's probable intent regarding the disposition of his unpaid benefits. The Court granted certification. 259 N.J. 362 (2024).

**HELD:** By its plain language, N.J.S.A. 43:16A-12.2 directs that "unpaid benefits" be distributed to the decedent's estate unless the PFRS member has nominated a beneficiary by "written designation." Because Isaac made no such designation here, the Board must distribute Isaac's $208,950.03 in unpaid benefits to his estate in accordance with the statutory mandate.

1. Pension benefits are part of the member's recompense for past service. In the event that members accrue any unpaid benefits but those funds are withheld and not disbursed prior to the retirant's passing -- as was the case here -- N.J.S.A. 43:16A-12.2 provides that "[u]pon the death of a retirant, any unpaid benefits due him shall

1

be paid in one lump sum to such person, if living, as he shall have nominated by written designation duly executed and filed with the board of trustees, otherwise to the executor or administrator of the retirant's estate." Notably, members can nominate anyone to receive their unpaid benefits. As section -12.2 makes clear, if such a nomination is not made, these funds are returned to "the retirant's estate." Separate from the distribution of a member's pension benefits is the survivors' pension under N.J.S.A. 43:16A-12.1(a). A survivors' pension is automatic, and the Legislature eliminated a member's ability to name beneficiaries. (pp. 10-11)

2. The language of N.J.S.A. 43:16A-12.2 makes clear that when a member fails to affirmatively nominate a beneficiary "by written designation," any unpaid benefits must be paid to the member's estate, whether that estate is governed by a will (via the executor) or intestacy statutes (via the administrator). The statute is thus a closed circle that provides its own unambiguous gap-filler: the member's estate. Given the stark distinctions between Isaac's unpaid benefits and his automatic survivors' pension, the Court agrees with the Appellate Division's conclusion that Isaac's identification of Roxanne on the retirement application did not also constitute a written designation pursuant to N.J.S.A. 43:16A-12.2. Accordingly, the Board's decision to distribute Isaac's unpaid benefits to Roxanne on this basis was arbitrary, capricious, and unreasonable. Based on the statute's plain-language mandate that the benefits be paid to the estate, the Court parts ways from the Appellate Division's decision to remand for additional fact finding to uncover Isaac's probable intent as to the disposition of his unpaid benefits. The Court notes that the Board represented at oral argument that the concerns raised here would be addressed through the creation of a new form or prompt. (pp. 11-14)

    **REVERSED.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and NORIEGA join in JUSTICE HOFFMAN's opinion.**

2

SUPREME COURT OF NEW JERSEY
A-22 September Term 2024
089370

Keith Isaac, deceased,

Petitioner-Appellant,

v.

Board of Trustees,
Police and Firemen's
Retirement System,

Respondent-Respondent.

Roxanne Isaac,

Intervenor.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
|---|---|
| March 17, 2025 | July 31, 2025 |

Eric A. Carosia argued the cause for appellant
(Berkowitz, Lichtstein, Kuritsky, Giasullo & Gross,
attorneys; Eric A. Carosia, on the brief).

Juliana C. DeAngelis, Legal Counsel, argued the cause
for respondent (Nels J. Lauritzen, Deputy Director, Legal
Affairs, attorney; Juliana C. DeAngelis, on the brief).

JUSTICE HOFFMAN delivered the opinion of the Court.

In this case, we hold that it was arbitrary, capricious, and unreasonable for the Board of Trustees (the Board) of the Police and Firemen's Retirement System (PFRS) to distribute withheld pension benefits of former Newark policeman Keith Isaac to his estranged spouse following Isaac's death. The funds, which accrued during Isaac's lifetime but were withheld pending resolution of an unrelated lawsuit, amounted to $208,950.03. By its plain language, N.J.S.A. 43:16A-12.2 directs that "unpaid benefits" be distributed to the decedent's estate unless the PFRS member has nominated a beneficiary by "written designation." Because Isaac made no such designation here, we hold that the Board must distribute Isaac's $208,950.03 in unpaid benefits to his estate in accordance with the statutory mandate.

I.

Under N.J.S.A. 43:16A-11.1, PFRS members may apply for "special retirement" after twenty-five years of creditable service and, if approved, are entitled to a retirement allowance of sixty-five percent of their final compensation at the time of retirement.[1]

---

[1] In contrast to "special retirement," members with only twenty years of creditable service may qualify for "service retirement," which includes a base retirement allowance of only fifty percent of the member's final compensation. N.J.S.A 53:5A-8(b)(2).

In March 2013, Isaac applied for "special retirement" from the Newark Police Department. On his retirement application form, under a section titled "Marital/Survivor Information," Isaac listed Roxanne Isaac as his wife.[2] Under a subsequent section, titled "Life Insurance Information," Isaac listed four of his eight children as his "Primary Beneficiaries."

At the time of his application, Isaac was on leave from the Newark Police Department and serving as the Municipal Emergency Management Coordinator for the City of Newark, his appointed position since 2007. Accordingly, the Board postponed its consideration of Isaac's retirement application while his employment with the city was ongoing.

In July 2014, the City of Newark removed Isaac from his position, and Isaac subsequently brought suit for wrongful termination. Isaac's March 2013 retirement application remained pending during these proceedings. In April 2016, Isaac and the City of Newark reached a settlement agreement, and the Board resumed its consideration of his retirement application thereafter.

On September 12, 2016, the Board approved Isaac's 2013 application for special retirement which would be effective and retroactive to the amended date of August 1, 2014, which was the first day of the month following Isaac's

_____

[2] Due to their shared surname, we refer to Roxanne Isaac by her first name to avoid confusion. We intend no disrespect by this informality.

3

termination from the City of Newark. Between August 1, 2014, and September 12, 2016, Isaac had accumulated $208,950.03 in unpaid benefits. In a letter dated September 20, 2016, the Board directed the Division of Pensions and Benefits (the Division) to implement its decision and pay Isaac the benefits. Before the funds could be disbursed, however, Isaac died. Isaac's brother was appointed to serve as executor of his estate.

On March 6, 2017, the Division informed Roxanne that she was "entitled to receive all of the [unpaid benefits] that would have been paid to . . . Isaac if he was still living." Accordingly, Roxanne received the unpaid benefits on March 10, 2017. The Division did not notify Isaac's estate of the payment. In addition to the unpaid benefits, Roxanne receives a survivors' pension of $5,833.33 per month, pursuant to N.J.S.A. 43:16A-12.1.

In June 2018, the estate wrote to the Division, asking that it reconsider its decision to pay Roxanne the unpaid benefits. In a letter dated November 21, 2018, the Board informed the estate that "in filing for retirement and listing Roxanne as his spouse . . . Isaac nominated and designated her as his beneficiary," pursuant to N.J.S.A. 43:16A-12.2. Thus, the Board concluded that the Division "correctly paid" Roxanne the unpaid benefits. The estate appealed the Board's decision, and the Board referred the matter to the Office of Administrative Law (OAL).

4

The OAL affirmed the Board's decision to distribute Isaac's unpaid

benefits to Roxanne. Like the Board, the administrative law judge (ALJ)

concluded that "by listing Roxanne . . . as Isaac's spouse on his retirement

application," Isaac also designated her "as the beneficiary of his unpaid . . .

benefits." The ALJ reasoned that the Board's decision was "in harmony with

the statutory framework," which aimed to provide for a deceased retirant's

spouse and children. Furthermore, the ALJ concluded that the relevant

statutory scheme allows payment to the estate "only if there is no other eligible

survivor or beneficiary available." Accordingly, the ALJ determined that the

Board's decision was not arbitrary, capricious, or unreasonable. The Board

adopted the ALJ's decision on June 15, 2022, and the estate subsequently

appealed.

On April 1, 2024, the Appellate Division remanded the matter to the

OAL to conduct a supplemental hearing to uncover Isaac's probable intent

regarding the disposition of his unpaid benefits.[3] In its unpublished decision,

the appellate court determined that it could not "uphold the Board's final

---

[3] The doctrine of probable intent is a legal principle governing the interpretation of wills which aims to ascertain the subjective intent of a testator. See In re Est. of Branigan, 129 N.J. 324, 331-33 (1992). Given our conclusion that Isaac's estate is entitled to the unpaid benefits pursuant to N.J.S.A. 43:16A-12.2, we offer no opinion as to the scope or applicability of probable intent in this context.

agency decision" because there was "not substantial credible evidence in the stipulated record to support the inference" that Isaac designated Roxanne to receive his unpaid benefits.

The court reasoned that a survivors' pension is "automatic" and grants a retirant no discretion; therefore, Isaac "had no ability to steer the widow's portion of his survivors' [pension] to anyone else." As such, the Appellate Division concluded that providing Roxanne's name on the PFRS retirement application "should not be over-read to signify that [Isaac] was choosing her to receive any unpaid benefits."

In sum, the Appellate Division ordered the ALJ to make supplemental findings to determine whether Isaac "intended his identification of his estranged spouse on the retirement form to convey a desire that she receive any [unpaid benefits] due to him upon his death." If the OAL were to determine that this was Isaac's intent, the appellate court concluded that the Board's payment to Roxanne "shall be left undisturbed." Conversely, if the OAL were to find no such intent, the Appellate Division held that the unpaid benefits "belong to the estate," and that the Board should "rectify the mistaken payment."

We granted the estate's petition for certification. 259 N.J. 362 (2024).

6

Isaac's estate submits that it was arbitrary, capricious, and unreasonable for the Board to provide Roxanne with the unpaid benefits because the plain language of N.J.S.A. 43:16A-12.2 directs that, absent an explicit beneficiary designation, those benefits must be paid to the estate. In this case, the estate explains that there was no such affirmative designation. The estate stresses that the information Isaac provided in the PFRS retirement application's "Marital/Survivor" section was not discretionary, nor was it ever intended to pertain to unpaid benefits. The estate points out that, whereas a retirant is permitted to designate anyone to receive unpaid benefits -- including the retirant's children, a friend, or anyone else whom the retirant designates -- the "Marital/Survivor Information" section is intended to inform the Board to whom it must direct the retirant's automatic survivors' pension. According to the estate, the Board's decision "usurped and unilaterally terminated" Isaac's statutory right to select whomever he so desired to receive his unpaid benefits.

Further, the estate argues that remanding the matter to uncover Isaac's probable intent is "unnecessary" in light of N.J.S.A. 43:16A-12.2. Because the statute already provides for a case in which no recipient is mandated, the estate

contends that a supplemental hearing would "constitute an unprecedented and improper expansion of the probable intent doctrine."

## B.

In contrast, the Board submits that the "Appellate Division correctly remanded the matter back to the trial court for additional fact-finding." Furthermore, the Board argues that reversing the appellate court's order and reallocating the unpaid benefits to the estate would constitute improper "findings of facts regarding Isaac's intentions" by this Court.

In defense of its decision, the Board submits that there was "nothing 'plainly unreasonable' about [its] reliance" on N.J.S.A. 43:16A-12.2 and -12.3 "to determine that Isaac's special retirement application," which identified Roxanne in the "Marital/Survivor Information" section, could serve a dual purpose as a beneficiary designation for the unpaid benefits. The Board argues that distributing the funds to Roxanne aligns with the Legislature's goal of "protecting the financial well-being of a deceased member's spouse and children," which was the "motivating force" behind the enactment of N.J.S.A. 43:16A-12.1.

## III.

### A.

This case requires us to evaluate the interplay -- or lack thereof -- between two statutory schemes: N.J.S.A. 43:16A-12.1, which governs survivors' pensions, and N.J.S.A. 43:16A-12.2 to -12.3, which provides for the payment of unpaid pension benefits. "[W]hen an agency's decision is based on the 'agency's interpretation of a statute or its determination of a strictly legal issue,' we are not bound by the agency's interpretation." Saccone v. Bd. of Trs. of Police and Firemen's Ret. Sys., 219 N.J. 369, 380 (2014). Rather, "[s]tatutory interpretation involves the examination of legal issues and is, therefore, a question of law subject to de novo review." Ibid.

### B.

The PFRS is a statewide pension system "designed to ensure the uniform protection of all such public officers through the medium of pensions." Id. at 378-79 (quoting Seire v. Police & Fire Pension Comm'n of Orange, 6 N.J. 586, 591 (1951)). The PFRS also offers a survivors' pension, which "ensures financial stability for [members'] surviving spouses and children." Id. at 379. At issue in this appeal is whether these forms of protection overlap as to the posthumous payment of accrued pension benefits. We hold that they do not.

9

Pension benefits "are part of the member's recompense for past service." Id. at 381. To receive pension benefits, PFRS members must apply to the Division and specify their desired date of retirement. N.J.S.A. 43:16A-5. The amount of pension benefits a member is entitled to depends on the member's age, years of service, and final compensation. Ibid.

In the event that members accrue any unpaid benefits but those funds are withheld and not disbursed prior to the retirant's passing -- as was the case here -- N.J.S.A. 43:16A-12.2 provides that

> [u]pon the death of a retirant, any unpaid benefits due him shall be paid in one lump sum to such person, if living, as he shall have nominated by written designation duly executed and filed with the board of trustees, otherwise to the executor or administrator of the retirant's estate.

Notably, members can nominate anyone to receive their unpaid benefits if they satisfy certain express prerequisites: a nomination must be "made in writing on a form satisfactory to the retirement system, and filed with the retirement system." N.J.S.A. 43:16A-12.3. As section -12.2 makes clear, if such a nomination is not made, these funds are returned to "the retirant's estate."

Separate from the distribution of a member's pension benefits is the survivors' pension. Under N.J.S.A. 43:16A-12.1(a), a member's widow or widower is entitled to a monthly survivors' pension, "to continue during her or his widowhood," of fifty percent of the member's final compensation plus an

10

additional fifteen percent of the member's final compensation if there is one surviving child, or twenty-five percent if there are two or more surviving children.

In Saccone, we explained that a survivors' pension is "automatic," and that "the Legislature eliminated a member's ability . . . to name beneficiaries." 219 N.J. at 379. We distinguished the "automatic" distribution of a survivors' pension from benefits due under the group life insurance policy, noting that "the group insurance statute specifically provides that a retiree may designate any individual as a beneficiary, not just a spouse or child." Id. at 374. Indeed, in language similar to N.J.S.A. 43:16A-12.2, the group insurance statute prescribes that a member's life insurance benefits "shall be paid by the insurance company to such person, if living, as the member shall have nominated by written designation duly executed and filed with the insurance company through the policyholder, otherwise to the executors or administrators of the member's estate." N.J.S.A. 43:16A-59 (emphases added).

## IV.

With these principles in mind, we turn to the case at hand. The language of N.J.S.A. 43:16A-12.2 makes clear that when a member fails to affirmatively nominate a beneficiary "by written designation," any unpaid benefits must be

11

paid to the member's estate, whether that estate is governed by a will (via the executor) or intestacy statutes (via the administrator).  The statute is thus a closed circle that provides its own unambiguous gap-filler:  the member's estate.

The Board contends that it is reasonable to view Isaac's inclusion of Roxanne's name in the "Marital/Survivor Information" section of his PFRS retirement application as simultaneously designating Roxanne as the beneficiary of his unpaid benefits.  Like the Appellate Division, we find this argument unavailing.

On its face, the retirement application makes no mention of unpaid benefits, nor does it provide applicants with any guidance to nominate a beneficiary.  The form's "Marital/Survivor" section -- wherein Isaac listed Roxanne's name -- serves a fundamentally distinct purpose:  informing the Division who is entitled to the survivors' pension.  Again, this is not a discretionary designation:  "the language of N.J.S.A. 43:16A-12.1 makes clear that a PFRS member is not free to designate any beneficiary he or she so chooses."  Saccone, 219 N.J. at 381.  For instance, when asked at oral argument what Isaac could have done if he wished to designate his children in the "Marital/Survivor" section of his retirement application in place of Roxanne, the Board stated, "I don't know, I don't believe he would have been

12

able to." This response highlights the impropriety of relying upon Isaac's survivors' pension designation for the purposes of N.J.S.A. 43:16A-12.2, which provides discretion in the choice of beneficiary.

We are similarly unpersuaded by the reasoning of the OAL in affirming the Board's decision. The OAL concluded that providing Roxanne with Isaac's unpaid benefits was "in harmony with the statutory framework, which provides for <u>future</u> pension benefits to a retired member's spouse and children." (emphasis added). But unpaid benefits are not "future pension benefits"; rather, they accrue during the retirant's lifetime. Furthermore, in citing N.J.S.A. 43:16A-12.2 for the proposition that unpaid benefits should be distributed to a member's estate "only if there is no other eligible survivor or beneficiary available," the OAL disregarded the statute's plain language, which requires that unpaid benefits go to the estate if the member does not affirmatively select a beneficiary.

Given the stark distinctions between Isaac's unpaid benefits and his automatic survivors' pension, we agree with the appellate court's conclusion that his identification of Roxanne on the retirement application did not also constitute a written designation pursuant to N.J.S.A. 43:16A-12.2. Accordingly, we hold that the Board's decision to distribute Isaac's unpaid benefits to Roxanne on this basis was arbitrary, capricious, and unreasonable.

13

Based on the statute's plain-language mandate that the benefits be paid to the estate, we part ways from the Appellate Division's decision to remand for additional fact finding to uncover Isaac's probable intent as to the disposition of his unpaid benefits. Accordingly, we direct that the $208,950.03 be distributed to Isaac's estate.

We note, finally, that the Board explained at oral argument that the PFRS and the Division "will endeavor to create a form or a prompt . . . that specifically addresses" these concerns moving forward. Furthermore, the Board confirmed that the updates will be implemented "as soon as possible" to ensure that "this issue doesn't continue."

V.

For those reasons, we reverse the judgment of the Appellate Division. Although we agree with the Appellate Division's analysis and determination that it was arbitrary, capricious, and unreasonable for the Board to conclude that Isaac's retirement application was a written designation nominating Roxanne to receive his unpaid benefits, we find no reason to remand the matter for supplementary fact finding on the question of probable intent. Rather, the $208,950.03 at issue must be directed to Isaac's estate, in accordance with N.J.S.A. 43:16A-12.2.

14

CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and NORIEGA join in JUSTICE HOFFMAN's opinion.